**The STATE of Ohio, Appellee,**

v.

**WHITE, Appellant.**

[Cite as *State v. White* (2001), 142 Ohio App.3d 132.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78562.

Decided April 2, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Diane Smilanick,* Assistant Prosecuting Attorney, for appellee.

*James A. Draper,* Cuyahoga County Public Defender, and *Carlos Warner,* Assistant Public Defender, for appellant.

*DeWight White, pro se.*

JAMES J. SWEENEY, Judge.

This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

DeWight White, a Jamaican citizen, appeals the judgment of the common pleas court issued August 9, 2000, denying his motion to withdraw his guilty plea to correct a manifest injustice. On appeal, White contends that the trial court erred when it denied his motion because he is not a United States citizen, and the court did not advise him of the possibility of deportation when he pled guilty. After a review of the record, we affirm the judgment of the trial court.

The record reveals that a grand jury indicted White on four counts of aggravated burglary in violation of R.C. 2911.11, seven counts of theft in violation of R.C. 2913.02, and five counts each of forgery and uttering in violation of R.C. 2913.31. Thereafter, on March 28, 1996, the court conducted a hearing where the state amended two counts of aggravated burglary to burglary. Prior to accepting his plea, the court nolled the remaining counts. The court apprised White of his constitutional rights but did not advise him that he could be deported if he pled guilty. White indicated on the record that he understood the rights he planned to waive. Thereafter, White pled guilty to those two counts of burglary and three counts of theft, and the court accepted his plea. At the November 19, 1996 sentencing hearing, the record indicates that White informed the court of his

citizenship and its failure to apprise him of the possibility of deportation. Nevertheless, the court sentenced him to three to fifteen years incarceration for two counts of burglary and two counts theft to be served concurrently and six months on one theft count to be served consecutively to the other four counts.

On November 26, 1996, White filed a motion to withdraw his guilty plea, which the court denied. Thereafter, on March 11, 1998, White filed a petition for post-conviction relief. White filed numerous delayed appeals, all of which this court has denied. Then White filed motions to correct the judgment and for reconsideration of the judgment, and the trial court denied both of these motions. On January 28, 2000, White moved the court to vacate the judgment or to permit him to withdraw his guilty plea to correct a manifest injustice.

Thereafter, the court filed findings of fact and conclusion of law in response to White's petition for post-conviction relief where he asserted he received ineffective assistance of counsel and did not understand the ramifications of the his plea bargain. The court denied his petition and determined that White's claims were barred by res judicata, as he failed to raise these issues on a direct appeal. Thereafter, on August 9, 2000, the court denied White's motion to withdraw his guilty plea to correct manifest injustice. White appeals from this decision and raises six assignments of error. They will be discussed together as they pertain to R.C. 2943.031; they state:

"I. The trial court error [*sic*] by incorrectly denying and dismissing appellant's motion to withdraw his plea of guilty which law and justice requires within the meaning of R.C. 2943.031(D).

"II. The trial court committed prejudicial error in denying and dismissing appellant's motion to withdraw his plea of guilty as provided within the meaning of O.R.C. 2943.[0]31(D), from the court's failure to provide the advisement required by O.R.C. 2943.031(A).

"III. The trial court abuses its discretion by denying and dismissing appellant's motion to withdraw his plea of guilty which law and justice requires within the meaning of O.R.C. 2943.031(D), (F).

"IV. The trial court committed prejudicial error and denied appellant's due process right under the Ohio and United States Constitutions, in violation of appellant's right under the Fifth, Sixth, and Fourteenth Amendments, by denying and dismissing appellant's motion to withdraw his guilty plea to correct manifest injustice, within the meaning of O.R.C. 2943.031(A), (D), (E), (F).

"V. The trial court abuses its discretion by denying and dismissing appellant's motion to withdraw his plea of guilty without giving appellant a hearing on his motion, within the meaning of O.R.C. 2943.031(A), (D), (E), (F).

"VI. The trial court erred in determining that appellant White entered a knowing, voluntary and intelligent plea when it failed to inquire whether the appellant was a citizen of the United States in violation of both the United States and Ohio Constitutions."

White contends that he did not enter into a knowing, intelligent, and voluntary plea because the court failed to inquire as to his citizenship and explain the possibility of deportation. The state argues from a different standpoint and maintains that the court properly denied his motion because his claims are barred by res judicata, since he failed to raise these errors in a direct appeal. Thus, the issues concern whether the court correctly determined that White's claims are barred by res judicata and whether the court erroneously failed to advise White about the ramifications of his plea bargain.

We begin by noting that R.C. 2953.21 states:

"(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *.

"(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."

In *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, the court stated in its syllabus:

"7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 * * *, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

"8. The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 * * *.

"9. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an

appeal from that judgment." (Emphasis deleted.) See, also, *State v. Ishmail* (1981), 67 Ohio St.2d 16, 21 O.O.3d 10, 423 N.E.2d 1068; *State v. Duling* (1970), 21 Ohio St.2d 13, 50 O.O.2d 40, 254 N.E.2d 670.

Further, Crim.R. 32.1 states:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

R.C. 2943.031 provides in pertinent part:

"(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

" 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'

"Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

"* * *

"(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

In *State v. Bisono* (Aug. 5, 1999), Cuyahoga App. No. 74446, unreported, 1999 WL 588236, the court stated:

" '[I]n order for R.C. 2943.031 advisements to apply, the record must affirmatively demonstrate that a defendant is not a citizen of the United States through affidavit or other documentation. This court has held further that there must be

some showing of prejudicial effect caused by the trial court's failure to advise a defendant with respect to possible deportation before a motion to vacate a guilty plea will be granted.' " (Citations omitted.) See, also, *S. Euclid v. Khodor* (Dec. 7, 2000), Cuyahoga App. No. 77640, unreported, 2000 WL 1803918; *Euclid v. Muller* (1999), 134 Ohio App.3d 737, 732 N.E.2d 410; *State v. Isleim* (Aug. 18, 1994), Cuyahoga App. No. 66201, unreported, 1994 WL 449387.

■ In the instant case, White failed to file a direct appeal of his conviction. In accordance with *Perry,* the doctrine of res judicata bars his attempt to withdraw his guilty plea because those issues could have been fully litigated on direct appeal from that judgment.

■ Further, we note that White is correct that R.C. 2943.031 mandates the court to address the issue of citizenship and deportation prior to accepting a plea. Even though White stated that he is a Jamaican citizen, he has failed to offer any documentation in support of that assertion and has not indicated the manner in which he had been prejudiced by the court's omission. No deportation order has been issued. White faces the possibility of deportation only as a result of his plea and that is insufficient to show prejudicial effect. Thus, the court's error was harmless. Accordingly, White's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Frank D. Celebrezze, Jr., J., concurs.

Patricia A. Blackmon, P.J., concurs in judgment only.