JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Municipal Judge Patrick J. Carroll that denied Abdul M. Shurney's post-sentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1. Shurney claims the judge failed to adequately inform him of possible deportation consequences before accepting his guilty plea. We affirm.
{¶ 2} On May 14, 1995, then nineteen-year-old Shurney was issued a citation for possession of approximately four grams of marijuana, in violation of Lakewood Codified Ordinance 513.03, a minor misdemeanor. At Shurney's arraignment the judge first addressed a number of individuals as a group, explaining their rights to counsel and, as relevant here, the possible immigration and deportation consequences for non-citizens, pursuant to R.C. 2943.031(A). Shurney, who was entitled to the statutory warning because he is a Republic of South Africa citizen and had a previous minor misdemeanor conviction, then pleaded guilty to marijuana possession after a personal colloquy with the judge, although the deportation warnings were not repeated, and was given a $100 fine. He did not appeal.
{¶ 3} On September 21, 2001, Shurney moved for postconviction relief or, in the alternative, to withdraw his guilty plea pursuant to Crim.R. 32.1, alleging that he had not been properly warned pursuant to R.C. 2943.031. He also stated that he was in federal custody and had been ordered deported after a second conviction for drug possession.[1] The judge denied the motion, finding that an advisement given to a group of defendants satisfies the requirement that the judge address the defendant personally,[2] and further found that res judicata barred Shurney's motion because he failed to file a direct appeal.
{¶ 4} The single assignment of error challenges both aspects of the judge's ruling:
 {¶ 5} I. The Trial Court Erred When it Denied the Appellant's Motion to Vacate His Guilty Plea.
{¶ 6} We must first determine whether Shurney's motion is limited solely to the manifest injustice standard under Crim.R. 32.1, or whether the motion is also cognizable under R.C. 2943.031(D), which states:
 {¶ 7} Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity,[3] if * * * the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation * * *.
{¶ 8} In addition to this procedure, a defendant may also seek independent relief under Crim.R. 32.1, as R.C. 2943.031(F) states:
 {¶ 9} Nothing in this section shall be construed as preventing a court, in the sound exercise of its discretion pursuant to Criminal Rule 32.1, from setting aside the judgment of conviction and permitting a defendant to withdraw his plea.
{¶ 10} R.C. 2943.031(D) provides a method for withdrawing a guilty plea outside of that provided in Crim.R. 32.1; a defendant who satisfies the four elements stated in that division need not show the manifest injustice normally required to justify post-sentence withdrawal of a guilty plea pursuant to Crim.R. 32.1.[4] Moreover, even though there is some question concerning the applicability of res judicata to Crim.R. 32.1 motions,[5] a motion for relief under R.C. 2943.031(D) cannot be raised until the element of prejudice is present.[6] Because of this element, res judicata does not apply to motions under R.C. 2943.031
unless all the elements of the claim, including prejudice, could have been raised in an earlier proceeding.[7]
{¶ 11} Although Shurney's motion is nominally under Crim.R. 32.1, both parties have argued the case using the elements set forth in R.C.2943.031(D) and Weber. Therefore, we find that Shurney's motion seeks relief under both R.C. 2943.031(D) and Crim.R. 32.1. Nevertheless, we find that he is not entitled to relief under either procedure.
{¶ 12} Shurney claims that he was not personally advised of the possibility of deportation because the judge warned a group of people instead of advising him individually. He also claims that, because the judge did not specifically question him concerning his understanding of those consequences, he failed to determine that the defendant understands the advisement as required by R.C. 2943.031(A). We disagree with both arguments.
 {¶ 13} The term personally is not necessarily synonymous with individually. Because personally can be defined as meaning simply in person,[8] a judge may inform a defendant personally without informing him individually. Therefore, the fact that the judge did not repeat the advisement to Shurney individually does not itself require relief.
{¶ 14} R.C. 2943.031(A) also requires that the judge determine that the defendant understands the advisement. While the defendant need not receive the advisement individually, the determination of understanding does necessitate an individual assessment. This does not mean, however, that the judge was required to specifically question Shurney about the advisement, so long as the circumstances indicated he was capable of understanding it without further explanation. The judge engaged him in a colloquy that included an extensive discussion of the circumstances of the offense and showed Shurney's understanding of the charge against him as well as his command of the English language. The record reveals no circumstances that would have suggested to the judge that Shurney did not understand the advisement when it was read to him.[9]
{¶ 15} While Shurney concedes that the judge read the advisement to a group of defendants at the time of his arraignment, he claims that there is no proof he was actually present when the advisement was given. Again, we disagree. The judge took judicial notice of the municipal court's procedure, under which late-arriving defendants are checked in and forced to wait for a second arraignment session where the advisements are again stated. Under this procedure Shurney would not have been allowed to make a plea unless he had been present for the group proceedings.
{¶ 16} R.C. 2943.031(F) allows a defendant to obtain relief under Crim.R. 32.1 independently of his entitlement under R.C. 2943.031(D). However, even if we were to determine that the Crim.R. 32.1 motion could be heard on its merits, we would not find manifest injustice.
{¶ 17} Shurney's motion is based solely on the claim that he was not properly advised under R.C. 2943.031(A). Since we have rejected this argument, he is not entitled to relief under Crim.R 32.1. The assignment of error is overruled.
Judgment affirmed.
It is ordered that the appellee shall recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., AND JAMES J. SWEENEY, J., CONCUR.
[1] Shurney was subsequently convicted of possession of a controlled substance in Cuyahoga County Common Pleas Court. Under immigration laws, a second controlled substance conviction constitutes an aggravated felony and subjects an alien to deportation.
[2] R.C. 2943.031(A).
[3] Those who employ Page's Ohio Revised Code Annotated (Title 29, 1996 Ed., 1999 Ed.) will discover a typographical error suggesting that a defendant can only plead not guilty by reason of insanity after withdrawing his plea under this division. The act allows either a plea of not guilty or not guilty by reason of insanity. Section 1, Sub.S.B. No. 95, 143 Ohio Laws, Part I, 531-532.
[4] State v. Weber (1997), 125 Ohio App.3d 120, 129,707 N.E.2d 1178.
[5] There are at least three competing theories on this issue; (1) that a Crim.R. 32.1 motion filed after the time for direct appeal should be treated as a motion for postconviction relief, State v. Hill (1998),129 Ohio App.3d 658, 661, 718 N.E.2d 978; (2) that the motion retains its separate character but res judicata applies to bar issues that could have been raised on direct appeal or in a postconviction petition, State v. Reynolds, Putnam App. No. 12-01-11, 2002-Ohio-2823, at q25; or (3) that res judicata does not technically apply but delays in raising issues are factors to be addressed under the manifest injustice standard, Id. at q33 (Shaw, P.J., dissenting).
[6] State v. Felix (Apr. 17, 1997), Cuyahoga App. No. 70898.
[7] See Id. (finding res judicata did not apply where evidence of lack of citizenship was outside record). Furthermore, we are not convinced that a different standard was applied in State v. White (2001), 142 Ohio App.3d 132, 754 N.E.2d 287, because that case did not clearly distinguish between a Crim.R. 32.1 motion and a motion under R.C. 2943.031(D).
[8] Webster's New Collegiate Dictionary (1976) 855.
[9] Cf. State v. Mason, Greene App. 2001-CA-113, 2002-Ohio-930 (colloquy required to assure judge of understanding; written advisement inadequate where it was unclear whether defendant could read English).