JOURNAL ENTRY and OPINION
{¶ 1} DeWight White, an inmate who has filed five pro se mandamus actions and four pro se appeals in connection with his 1996 guilty pleas to burglary and theft, appeals from a judgment of the common pleas court which denied his motion to withdraw his plea pursuant to R.C. 2943.031, the immigration advisement statute. This is his second attempt to withdraw his plea on the ground that the trial court did not advise him about the immigration consequences of his guilty plea as required by R.C. 2943.031. The trial court denied his first motion and we affirmed, in State v. White (2001), 142 Ohio App.3d 132, discretionary appeal not allowed (2001), 92 Ohio St.3d 1443 ("White I"). Our review of the instant appeal reveals that White raises the same R.C. 2943.031 claims, which we have already disposed of in his earlier appeal, and that res judicata also bars his remaining claims in this appeal. Accordingly, we affirm the judgment of the court.
 {¶ 2} In White I, we summarized the facts of this case as follows:
 {¶ 3} "The record reveals a grand jury indicted White on four counts of aggravated burglary in violation of R.C. 2911.11, seven counts of theft in violation of R.C. 2913.02, and five counts each of forgery and uttering in violation of R.C. 2913.31. Thereafter, on March 28, 1996, the court conducted a hearing where the state amended two counts of aggravated burglary to burglary. Prior to accepting his plea, the court nolled the remaining counts. The court apprised White of his constitutional rights, but did not advise him that he could be deported if he pled guilty. White indicated on the record he understood the rights he planned to waive. Thereafter, White pled guilty to those two counts of burglary and three counts of theft, and the court accepted his plea. At the November 19, 1996 sentencing hearing, the record indicates that White informed the court of his citizenship and its failure to apprise him of the possibility of deportation. Nevertheless, the court sentenced him to three to fifteen years incarceration for two counts of burglary and two counts of theft to be served concurrently and six months on one theft count to be served consecutively to the other four counts.
 {¶ 4} "On November 26, 1996, White filed a motion to withdraw his guilty plea, which the court denied. Thereafter, on March 11, 1998, Mr. White filed a petition for post-conviction relief. White filed numerous delayed appeals, all of which this court has denied. Then, White filed motions to correct the judgment and for reconsideration of the judgment, and the trial court denied both of these motions. On January 28, 2000, White moved the court to vacate the judgment or to permit him to withdraw his guilty plea to correct a manifest injustice.
 {¶ 5} "Thereafter, the court filed findings of fact and conclusion of law in response to White's petition for post-conviction relief where he asserted he received ineffective assistance of counsel and did not understand the ramifications of the his plea bargain. The court denied his petition and determined White's claims were barred by res judicata as he failed to raise these issues on a direct appeal. Thereafter, on August 9, 2000, the court denied White's motion to withdraw his guilty plea to correct manifest injustice."
 {¶ 6} White's appeal from that August 9, 2000 court decision raised six assignments of error, all pertaining to his rights pursuant to R.C. 2943.031, which mandates the trial court to advise a non-citizen defendant about the adverse immigration consequences of entering a guilty plea. Our court overruled those assignments of error, concluding the following:
 {¶ 7} "In the instant case, White failed to file a direct appeal of his conviction. In accordance with Perry, the doctrine of res judicata bars his attempt to withdraw his guilty plea because those issues could have been fully litigated on direct appeal from that judgment.
 {¶ 8} "Further, we note White is correct that R.C. 2943.031
mandates the court to address the issue of citizenship and deportation prior to accepting a plea. Even though White stated he is a Jamaican citizen, he has failed to offer any documentation in support of that assertion and has not indicated the manner in which he had been prejudiced by the court's omission. No deportation order has been issued. White faces the possibility of deportation only as a result of his plea and that is insufficient to show prejudicial effect. Thus, the court's error was harmless. Accordingly, White's assignments of error are overruled, and the judgment of the trial court is affirmed."
 {¶ 9} The instant appeal stems from White's latest motion based on R.C. 2943.031 to withdraw his plea which he filed subsequent to our decision in White I. This time he attached an uncertified photostatic copy of a document titled "Detainer — Notice of Action", which indicates that investigation has been initiated to determine whether White is subject to removal from the United States. The court denied that motion on May 2, 2002, and this appeal follows. On this appeal, White raises five claims, the first three of which relate to R.C. 2943.031. They state:
 {¶ 10} "I. The trail [sic] court abuses it's [sic] discretion, and commit [sic] prejudicial error when it fail [sic] to inform an alien resident that he could be deported as a result of entering a guilty plea to a felony pursuant to R.C. 2943.031(A) and in further denying appellant's motion to withdraw his guilty plea pursuant to R.C. 2943.031(D) and by failing to held [sic] an evidentiary hearing."
 {¶ 11} "II. The trial court committed reversable [sic] error by dismissing appellant's Dewight White [sic], an alien resident his motion to withdraw his guilty plea pursuant to R.C. 2943.031(D) supported with the statutory requirements pursuant to R.C. 2943.031 which show (1) that he is not a citizen of the United States of America, (2) the advisement pursuant to R.C. 2943.03(A) [sic] was required to be given, (3) the trial court fail [sic] to give the advisement, and, (4) there has been some adverse immigration consequences of the guilty plea."
 {¶ 12} "III. Appellant was denied his constitutional right to the effective assistance of trial counsel, and his state and federal constitutional rights were violated when his trial counsel failed to advise, or to ensure that the trial court provide the appellant with the statutory advisement pursuant to R.C. 2943.031(A) before accepting his guilty plea, such prejudiced appellant, and trial counsel fail [sic] to timely file a motion to withdraw appellant's guilty plea, as appellant had advised counsel to do so before sentence was imposed."
 {¶ 13} Under the law of the case doctrine, a decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.
 {¶ 14} A review of these assigned errors indicate they are the same claims he raised in White I, which we have already resolved by concluding that, because he failed to file a direct appeal of his conviction, res judicata bars his attempt to withdraw his guilty plea. That decision remains the law for this case, under the case of the law doctrine. The fact that he presented documents purportedly showing that the INS has initiated deportation proceedings against him is immaterial. Accordingly, we reject these three assignments of error.
 {¶ 15} His fourth and fifth assignments of error state:
 {¶ 16} "IV. The trial court erred to the prejudice of appellant by failing to specifically state that he was ineligible for probation, had appellant know [sic] he was ineligible for probation, he would not have pled guilty to the offenses, thus the trial court violate [sic] Crim.R. 11(C)(2)(A)."
 {¶ 17} "V. The trial court erred to the prejudice of appellant by imposing a sentence against appellant in his absence and without the benefit of his counsel, and by failing to advise appellant of his constitutional right to appeal, such violates Crim.R. 32 and his state and federal constitutional right."
 {¶ 18} The doctrine of res judicata bars any claim that was or could have been raised at trial or on direct appeal. See State v.Steffen (1994), 70 Ohio St.3d 399, citing State v. Perry (1967), 10 St.2d 175. Here, because White never directly appealed his conviction, res judicata bars these two claims which could have been raised on direct appeal.
 {¶ 19} Accordingly, we affirm the judgment of the court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCURS, PATRICIA ANN BLACKMON, P.J., CONCURS IN JUDGMENT ONLY.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).