JOURNAL ENTRY AND OPINION
{¶ 1} On August 7, 2003, the relator, DeWight White, commenced this mandamus action against the respondent, Judge Ronald Suster, to compel the judge to comply with R.C. 2943.031(D) and vacate his guilty plea in the underlying case, State v. White, Cuyahoga County Common Pleas Court Case No. Cr. 333432. For the following reasons, this court sua sponte denies the application for a writ of mandamus and the alternative writ.
 {¶ 2} R.C. 2943.031 provides that before accepting a guilty plea to a felony, the trial judge shall address the defendant personally and provide the following advisement and determine that the defendant understands it: "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Subsection (D) provides that upon the defendant's motion, the court shall vacate the judgment of conviction and allow the defendant to withdraw his guilty plea, if the court failed to give the advisement.
 {¶ 3} In March 1996, Mr. White, who is from Jamaica, pleaded guilty to two counts of burglary and three counts of theft in the
 {¶ 4} underlying case.[1] During the plea hearing the trial court did not give the R.C. 2943.031 advisement. However, at the sentencing hearing Mr. White informed the court of his citizenship and its failure to apprise him of the possibility of deportation. Nevertheless, the trial court sentenced him to three-and-a-half years to fifteen-and-a-half years.
 {¶ 5} Since then Mr. White has filed multiple postconviction relief petitions, petitions for delayed appeal and motions to withdraw his guilty plea. Specifically, in January 2000, he moved to withdraw his guilty plea; the trial court denied the motion on August 9, 2000. In appealing that ruling, Mr. White raised six assignments of error all relating to R.C. 2943.031; this court affirmed the trial court's decision on the basis of res judicata and lack of prejudice. State v. White
(2001), 142 Ohio App.3d 132, 754 N.E.2d 287, discretionary appeal not allowed (2001), 92 Ohio St.3d 1443, 751 N.E.2d 482. Again, in October 2001, Mr. White filed another motion to withdraw his guilty plea, which the trial court denied on May 2, 2002. In the following appeal this court again rejected his R.C. 2943.031 arguments. State v. White, Cuyahoga App. No. 81368, 2003-Ohio-178. Subsequently, on April 21, 2003, Mr. White filed another motion to withdraw his guilty plea based on R.C. 2943.031; the trial court denied that motion on July 15, 2003.
 {¶ 6} Mr. White now brings this mandamus action to compel compliance with the statute. His argument is simple and direct: R.C.2943.031(D) provides that the trial court "shall set aside the judgment and permit the defendant to withdraw a plea of guilty" if the statutory advisement was not given. The trial court did not give the advisement and thus, it has a clear, legal duty to vacate the plea.
 {¶ 7} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman
(1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v.Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State exrel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108 and State ex rel. Boardwalk ShoppingCenter, Inc. v. Court of Appeals for Cuyahoga County (1990),56 Ohio St.3d 33, 564 N.E.2d 86.
 {¶ 8} In the present case mandamus is not the proper remedy to enforce R.C. 2943.031. Subsection (D) provides a specific statutory remedy for this statutory right, a motion to withdraw guilty plea. Appeal lies from a decision on such a motion. Therefore, a full, complete and adequate remedy exists which precludes mandamus. In State v. Garmendia,Clark App. No. 2002-CA-18, 2003-Ohio-3769, ¶ 2, the court of appeals ruled that "the exclusive remedy for an alleged violation of R.C.2943.031(A) is a motion to withdraw the plea pursuant to R.C. 2943.031(D)." Moreover, Mr. White has availed himself of that remedy.
 {¶ 9} Accordingly, this court sua sponte denies the application for an alternative writ and the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ Denied.
KENNETH A. ROCCO, A.J., CONCURS, FRANK D. CELEBREZZE, JR., J., CONCURS
[1] The Grand Jury indicted him on four counts of aggravated burglary, seven counts of theft and five counts each of forgery and uttering. As part of the plea bargain the State amended two counts of aggravated burglary to burglary and nolled the remaining counts.