THE STATE EX REL. WHITE, APPELLANT, *v.* SUSTER, JUDGE, APPELLEE.

[Cite as *State ex rel. White v. Suster,*
101 Ohio St.3d 212, 2004-Ohio-719.]

(No. 2003–1727—Submitted February 3, 2004—Decided March 3, 2004.)

---

**Per Curiam.**

{¶ 1} In March 1996, appellant, DeWight White, a Jamaican citizen, pled guilty to two counts of burglary and three counts of theft. See *State v. White* (2001), 142 Ohio App.3d 132, 133, 754 N.E.2d 287. Before the common pleas court accepted his plea, it informed White of his constitutional rights but did not advise him that he could be deported if he pled guilty and was convicted. See R.C. 2943.031(A). The common pleas court convicted White and sentenced him to prison.

{¶ 2} In November 1996, White moved to withdraw his guilty plea, and the common pleas court denied the motion. White did not appeal. In January 2000, White moved the common pleas court to vacate the judgment or permit him to withdraw his guilty plea to correct a manifest injustice. The court denied the motion. On appeal, the court of appeals affirmed. *State v. White,* supra, discretionary appeal not allowed (2001), 92 Ohio St.3d 1443, 751 N.E.2d 482. In the appeal, the court of appeals rejected White's claim that he was entitled to withdraw his guilty plea because the trial court did not comply with R.C. 2943.031(A).

{¶ 3} White subsequently filed another motion in the common pleas court to withdraw his guilty plea based on R.C. 2943.031. See Cuyahoga App. No. 81368, 2003-Ohio-178, 2003 WL 132438. In May 2002, the trial court denied White's motion. On appeal, the court of appeals affirmed. Id.

{¶ 4} On April 21, 2003, White filed another petition for postconviction relief and to withdraw his guilty plea based on R.C. 2943.031(A). On July 9, 1993, appellee, Cuyahoga County Common Pleas Court Judge Ronald Suster, denied the petition.

{¶ 5} On August 7, 2003, White filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Suster to grant his petition and permit him to withdraw his guilty plea. On September 12, 2003, the court of appeals sua sponte denied the writ.

{¶ 6} White claims that the court of appeals erred in denying the writ. For the following reasons, White's claims lack merit.

{¶ 7} First, White had an adequate remedy at law to raise his R.C. 2943.031 claim. Under R.C. 2943.031(D), a defendant who has not received the advisement required by R.C. 2943.031(A) may move to set aside the judgment and withdraw his guilty plea. This motion and an appeal from the denial of the motion provide the exclusive remedies for an alleged violation of R.C. 2943.031(A). See *State v. Garmendia,* Montgomery App. No. 2002–CA–18, 2003-Ohio-3769, 2003 WL 21658528, ¶ 12; *State v. Rodriguez,* Butler App. No. CA2001–04–077, 2002-Ohio-3978, 2002 WL 1791115, ¶ 16.

{¶ 8} Second, insofar as White has already unsuccessfully invoked these remedies, he may not resort to the requested extraordinary relief in mandamus. *State ex rel. Tenace v. Court of Claims* (2002), 94 Ohio St.3d 319, 322, 762 N.E.2d 1009, quoting *Howard v. Spore* (2001), 91 Ohio St.3d 131, 132, 742 N.E.2d 649 (" 'to the extent that [relator] may have already unsuccessfully invoked this alternate remedy, he may not relitigate the same issue by way of mandamus' "). Res judicata bars White from repeated attempts to raise his R.C. 2943.031 claim. See *State ex rel. Carroll v. Corrigan* (2001), 91 Ohio St.3d 331, 332, 744 N.E.2d 771.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.