JOURNAL ENTRY and OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant Agwar Suleiman ("appellant")[1] appeals from the decisions of the Cuyahoga County Court of Common Pleas denying his motion to vacate guilty plea and petition for postconviction relief. For the reasons stated below, we affirm.
 I. {¶ 3} In September 1995, appellant was indicted on one count of aggravated drug trafficking, a felony of the fifth degree. At his arraignment, appellant pled not guilty. On April 3, 1996, following extensive plea negotiations, appellant pled guilty to attempted aggravated drug trafficking, a misdemeanor of the first degree.
 {¶ 4} At the plea hearing, it was established that appellant was not a citizen of the United States. The trial court stated it had no control over appellant's status and proceeded to sentencing. Appellant was then placed on probation.
 {¶ 5} On August 19, 1999, appellant filed a motion to withdraw his guilty plea. On November 8, 1999, appellant's motion was denied. On or about October 23, 2001, appellant filed a petition for postconviction relief. On November 20, 2001, the state filed a motion to dismiss the petition. On February 12, 2003, appellant requested a hearing on his petition.
 {¶ 6} On October 2, 2003, appellant filed a second motion to vacate his 1996 guilty plea. On October 22, 2003, the trial court held a hearing on appellant's motion to vacate his guilty plea and petition for postconviction relief. On November 17, 2003, the trial court denied appellant's petition for postconviction relief as untimely under R.C. 2953.21. The trial court also denied appellant's motion to vacate guilty plea for failure to demonstrate any manifest injustice or prejudice pursuant to Crim.R. 32 and State v. White (2001), 142 Ohio App.3d 132. The court also found the motion barred by the doctrine of res judicata.
 {¶ 7} It is from these decisions that appellant advances one assignment of error for our review.
 II. {¶ 8} In his sole assignment of error, appellant argues that "the honorable trial court erred in failing to grant [his] motion to vacate his plea and motion for post conviction relief when the trial court failed to provide instructions at the time of the plea that described the potential ramifications as to [his] status with the United States Immigration Department." Appellant's arguments are without merit.
 {¶ 9} Regarding the motion to vacate his guilty plea, appellant argues that the 1996 trial court failed to read, verbatim, the advisement contained in R.C. 2943.031, and, therefore, the court's acceptance of his plea was improper. R.C.2943.031 provides that prior to accepting a guilty plea from a non-citizen, the court shall advise the defendant of potentially adverse effects a criminal conviction may have on their citizenship status. Specifically, R.C. 2943.031 provides the following language:
 {¶ 10} "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 11} (Emphasis added.)
 {¶ 12} This court has held that the quotation marks found in the statute indicate that a trial court must give this advisement verbatim, in spite of the substantial compliance standard of review for nonconstitutional rights. State v. Quran, Cuyahoga App. No. 80701, 2002-Ohio-4917. In the case sub judice, the state acknowledges that the original trial court failed to advise appellant pursuant to R.C. 2943.031. Despite this failure, however, we find the current trial court did not err in denying appellant's motion to vacate his guilty plea.
 {¶ 13} This court has adopted the principle that an unreasonable delay between the entering of the plea and the filing of the motion to vacate the plea mitigates against granting the motion to vacate. State v. Bush (2002),96 Ohio St.3d 235; State v. Tabbaa, Cuyahoga App. No. 81410, 2003-Ohio-299.[2] In Tabbaa, this court found that despite the trial court's failure to recite R.C. 2943.031
language, the eleven and one-half year delay between the appellant's plea and motion to vacate was unreasonable. We found that to allow the filing of a motion to vacate after such a delay, "when the state's evidence * * * became stale, or witnesses died, or any other circumstances prejudicial to the state transpired, before seeking to withdraw a guilty plea, [would impose], among others, an unreasonable obligation on the state to maintain evidence and witness lists on all cases, ad infinitum." Id. This court has also found the filing of a motion to vacate over nine years after the plea was entered constitutes an unreasonable delay. State v. Francis, Cuyahoga App. No. 82324, 2003-Ohio-4406.[3]
 {¶ 14} In the case sub judice, appellant entered his plea on April 3, 1996. The motion to vacate his plea, which was denied by the trial court and from which appellant brings this appeal, was filed on October 2, 2003. We find this seven and one-half year delay to be unreasonable. The only justification appellant offers for the delay is that he did not know of the error until the action of the immigration court. Despite this assertion, appellant has failed to present an order of deportation or other indicia of actual prejudice.[4] The trial court did not err by denying appellant's motion as untimely.[5]
 III. {¶ 15} In regards to appellant's motion for postconviction relief, he claimed ineffective assistance of counsel when his plea was taken and his sentence imposed. Appellant's argument is without merit.
 {¶ 16} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief shall be filed no later than 180 days after the expiration of the time for filing an appeal. Appellant pled guilty in April 1996. He filed his petition for relief in 2001. The latest it should have been filed was November 1996. The trial court did not err in dismissing appellant's petition as being untimely.
 {¶ 17} Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., concur.
[1] There is confusion as to appellant's name. During direct examination, appellant stated his name as Suleiman Agwar. However, all court records address appellant as Agwar Suleiman.
[2] Certification granted by State v. Tabbaa,98 Ohio St.3d 1561, 2003-Ohio-2242; discretionary appeal not allowed by Statev. Tabbaa (2003), 98 Ohio St.3d 1567; application granted by, cause dismissed by State v. Tabbaa, 100 Ohio St.3d 1417,2003-Ohio-5098.
[3] Discretionary appeal allowed in State v. Francis,100 Ohio St.3d 1544, 2003-Ohio-6879.
[4] Although appellant attached an affidavit to his motion to vacate stating "he is now subject to deportation" and that he "is currently facing deportation," nothing was filed in support of those claims. Certainly, had appellant been notified of a pending deportation, a letter or other communication would have been provided to him.
[5] An alternative basis for denying appellant's motion is the doctrine of res judicata. Appellant sought to withdraw his plea in 1996 and failed to appeal the denial of his motion. Appellant also failed to attack his plea in 1996 through a direct appeal of his plea and conviction. Therefore, appellant's attempt to vacate his plea now is barred by the doctrine of res judicata. State v.Perry (1967), 10 Ohio St.2d 175, syllabus paragraph nine; Statev. White (2001), 142 Ohio App.3d 132, 137.