JOURNAL ENTRY and OPINION
{¶ 1} Appellant State of Ohio appeals the trial court's granting of appellee Edward Wahba's postsentence motion to withdraw his guilty plea after determining Wahba had not been informed that his guilty plea could affect his ability to stay in this country. The State assigns the following two errors for our review:
 {¶ 2} "I. The trial court erred by granting appellee's motion to withdraw plea of guilty without a showing of actual prejudice."
 {¶ 3} "II. The trial court erred in granting appellee's motion to withdraw plea of guilty without holding a hearing and without appellee present."
 {¶ 4} Having reviewed the record and the pertinent law, we reverse and remand the trial court's judgment. The apposite facts follow.
 {¶ 5} The Cuyahoga County Grand Jury indicted Wahba on July 14, 1992, for one count of rape in violation of R.C. 2907.02. On November 12, 1992, Wahba pled guilty to an amended charge of sexual battery in violation of R.C. 2907.03(A)(1). Wahba received a one-year sentence.
 {¶ 6} Wahba filed a motion to withdraw his guilty plea on August 20, 2003, arguing the trial court failed to advise him of the possibility he could be deported. The trial court granted the motion and vacated Wahba's plea on November 18, 2003. The State now appeals.
 {¶ 7} The State argues in its first assigned error the trial court erred by granting Wahba's motion to withdraw his plea because Wahba failed to show he was prejudiced by the trial court's failure to advise him he could possibly be deported. We agree.
 {¶ 8} R.C. 2943.021 provides that before accepting a guilty plea to a felony, the trial judge shall address the defendant personally and provide the following advisement and determine that the defendant understands it: "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 {¶ 9} A review of the record indicates the trial court failed to advise Wahba that his plea could affect his ability to stay in the United States. However, there is no evidence that he was prejudiced by the court's failure to do so. This court has held the defendant must make some showing of prejudicial effect caused by the trial court's failure to give the advisement before a motion to withdraw a plea will be granted.[1] The possibility of deportation is insufficient to show prejudicial effect.[2] Although Wahba asserts in his affidavit he is not a citizen of the United States, he does not assert that deportation proceedings have commenced. Thus, there is no evidence Wahba was prejudiced by the trial court's omission.
 {¶ 10} Further, this court has held unreasonable delay between the entering of the plea and the filing of the motion to withdraw the plea militates against granting the motion.[3]
In the instant case, Wahba entered his plea in 1992 and did not seek to withdraw it until 2003, over ten years later. This unreasonable delay militates against granting the motion. Accordingly, the State's first assigned error has merit and is sustained.
 {¶ 11} Given our disposition of the first assigned error, the State's second assigned error is moot and need not be addressed.[4]
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., and McMonagle, J., Concurs in judgmentonly.
[1] State v. White (2001), 142 Ohio App.3d 132, 137; City ofEuclid v. Khodor (Dec. 7, 2000), Cuyahoga App. No. 77640; Statev. Bisono (Aug. 5, 1999), Cuyahoga App. No. 74446; State v.Isleim (Aug. 18, 1994), Cuyahoga App. No. 66201.
[2] State v. White, supra; City of Euclid v. Khodor,
supra.
[3] State v. Suleiman, Cuyahoga App. No. 83915, 2004-Ohio-4487; State v. Tabbaa, 151 Ohio App.3d 353,2003-Ohio-299; State v. Francis, Cuyahoga App. No. 82324, 2003-Ohio-4406 (currently pending before the Ohio Supreme Court,State v. Francis, 100 Ohio St.3d 1544, 2003-Ohio-6879).
[4] App.R. 12(A)(1)(c).