OPINION
{¶ 1} Bakur Gegia ("Gegia") appeals the decision of the Portage County Court of Common Pleas overruling Gegia's petition for postconviction relief and his Crim.R. 32.1 motion to withdraw his guilty plea. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} Gegia, an immigrant from the Republic of Georgia, carjacked an individual by gunpoint in Summit County on November 23, 1999. The driver was able to escape from the vehicle at some point in Portage County. Gegia fled on foot and was subsequently tracked down by numerous officers. At this point, Gegia pointed and fired a sawed-off shotgun at various officers. Gegia eventually was apprehended.
 {¶ 3} Gegia was indicted on December 16, 1999, on three counts of felonious assault on a peace officer. Each count contained a firearm specification. Gegia entered into a written plea agreement in which he pled guilty to one count of felonious assault on a police officer with a firearm specification on February 11, 2000. The remaining counts were nolled. At the plea hearing, the trial court failed to inform Gegia that his guilty plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization," as mandated by R.C. 2943.031. On February 15, 2000, Gegia also pleaded guilty to charges in Summit County stemming from the carjacking. The Summit County Court of Common Pleas sentenced Gegia to ten years.
 {¶ 4} On March 27, 2000, the trial court held a sentencing hearing on this matter. Gegia testified at length at this hearing. The trial court sentenced Gegia to 12 years, nine years for the assault and three years on the firearm specification to be served consecutively. The trial court further ordered that the 12 year sentence run consecutively to Gegia's sentence handed down in Summit County. In so sentencing, the trial court addressed Gegia:
 {¶ 5} "Now, you pled guilty to one count of felonious assault, and I heard three officers testify here that you put them in fear of their life with your conduct. * * *
 {¶ 6} "* * *
 {¶ 7} "Court finds that you placed the victims in a very serious position, that your conduct was such that it warrants the sentence that I impose * * *
 {¶ 8} "I don't know what could be more serious than a person having a weapon. That was taken into consideration in the sentence. As far as the recidivism is concerned, there's nothing one way or the other on that that I can, he's only been here five months. I don't know what he did in Russia.
 {¶ 9} "* * *
 {¶ 10} "It's [sic] a very, the Court, the biggest part about this case is the seriousness of the offense and the fact that he placed a number of law officers in jeopardy with his conduct. I took into consideration his purposeful conduct in sawing off the shot gun, his purposeful conduct in carrying a bunch of bullets not only on his person but in a sack that he had with him, and just the fact that he had a prior conduct in another, has conduct in another situation with the Summit County deal."
 {¶ 11} Gegia timely appealed his plea and asserted that his plea was not knowingly, intelligently, and voluntarily entered. On February 22, 2002, this court affirmed the trial court's acceptance of that plea. See State v. Gegia, 11th Dist. No. 2000-P-0048, 2002-Ohio-709, 2002 Ohio App. LEXIS 775. On November 4, 2002, Gegia filed a motion for postconviction relief and, in the alternative, a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.
 {¶ 12} On February 11, 2003, the trial court overruled Gegia's motion. The court found that his motion for postconviction relief was untimely and that Gegia was not unavoidably prevented from discovering the facts underlying his claim for relief, namely that he was suffering from a severe mental defect at the time of his plea.
 {¶ 13} The trial court also overruled Gegia's motion to withdraw his guilty plea. The court found that Gegia understood and spoke English well and, thus, Gegia's claim that his plea was not entered knowingly, intelligently, and voluntarily was unfounded. The court further found that his counsel was not ineffective for failing to discover Gegia's past psychiatric history because Gegia failed to relay his past to the court or his counsel. The court finally found that the court's failure to address Gegia about the deportation consequences of his plea did not prejudice Gegia because he had been informed of the deportation consequences in the Summit County matter and because his claim was barred by the doctrine of res judicata.
 {¶ 14} Gegia now timely appeals the trial court's decisions and raises the following assignments of error:
 {¶ 15} "[1.] Petitioner's guilty plea violated his Fifth and Fourteenth Amendment rights because he pled guilty without an interpreter, as mandated by R.C. 2311.14, [and] because he could not readily understand or communicate well enough to insure the plea was made knowingly, voluntarily and intelligently.
 {¶ 16} "[2.] Petitioner's guilty plea violated his Fifth and Fourteenth Amendment rights and Article I, § 10 of the Ohio Constitution because he pled guilty without the effective assistance of counsel.
 {¶ 17} "[3.] Petitioner's guilty plea should be vacated due to the trial court's failure to completely comply with R.C.2943.031(A) prior to the entry of petitioner's guilty plea.
 {¶ 18} "[4.] Petitioner was denied his rights under Article 36 of the Vienna Convention on Consular Relations (1) to have the assistance of the Republic of Georgia consul at the time of his interrogation and throughout the ensuing criminal proceedings and (2) to be informed of these rights by the arresting authorities `without delay' when he was detained and taken into custody."
 {¶ 19} In assignments of error one, three, and four, Gegia claims the trial court erred in denying his motion to withdraw his guilty plea.
 {¶ 20} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "[A] defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice." State v. Smith (1977),49 Ohio St.2d 261, 264 (citation omitted). "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. (citation omitted). This court "is limited to a determination of whether the trial court abused its discretion by denying the motion to withdraw a guilty plea." State v. Gibbs (June 9, 2000) 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *6-*7.
 {¶ 21} An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169 (citation omitted). Reversal, under an abuse of discretion standard, is not warranted merely because appellate judges disagree with the trial judge or believe the trial judge erred. Id. Reversal is appropriate only if the abuse of discretion renders "the result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins (1984),15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 22} Crim.R. 32.1, however, "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court." State ex rel. Special Prosecutors v. Judges, Court ofCommon Pleas (1978), 55 Ohio St.2d 94, 98. Thus, the trial court cannot grant a Crim.R. 32.1 motion over issues that would be inconsistent with the appellate court's earlier decision on appeal. Id. at 97.
 {¶ 23} Since this court already found that Gegia's guilty plea was knowingly, intelligently, and voluntarily made, seeGegia, 2002 Ohio App. LEXIS 775, the trial court did not possess the power to vacate this court's judgment in regards to this issue. Thus, the trial court did not abuse its discretion in denying Gegia's Crim.R. 32.1 motion with respect to Gegia's first assignment of error. See State v. Valance, 3rd Dist. No. 9-03-02, 2003-Ohio-2387, at ¶ 7; State v. Smith, 8th Dist. No. 82062, 2003-Ohio-3675, at ¶¶ 7-8; State v. Quran, 8th Dist. No. 80701, 2002-Ohio-4917, at ¶ 20.
 {¶ 24} Moreover, "[t]he doctrine of res judicata applies to motions to withdraw guilty pleas filed pursuant to Crim.R. 32.1."State v. Cale (Mar. 23, 2001), 11th Dist. No. 2000-L-034, 2001 Ohio App. LEXIS 1385, at *9; see, also, Smith, 2003-Ohio-3675, at ¶¶ 9-10; State v. Jeffries (July 30, 1999), 6th Dist. No. L-98-1316, 1999 Ohio App. LEXIS 3472, at *5. Thus, "when presented with a motion to withdraw a guilty plea * * *, [appellate courts] should consider first whether the claims raised in that motion are barred by res judicata." State v.Reynolds, 3rd Dist. No. 12-01-11, 2002-Ohio-2823, at ¶ 27. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by thedefendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." State v.Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus (emphasis sic).
 {¶ 25} The arguments that Gegia sets forth under his fourth assignment of error regarding the purported denial of his rights under Article 36 of the Vienna Convention on Consular Relations could have been raised on direct appeal. Thus, under the doctrine of res judicata, Gegia may not now raise this claim in his Crim.R. 32.1 motion.
 {¶ 26} Even if the doctrine of res judicata did not work to bar this claim, Gegia's fourth assignment of error would lack merit. "[T]he rights contained in Article 36 [of the Vienna Convention] belong to the party states, not individuals." UnitesStates v. Emuegbunam (C.A. 6, 2001), 268 F.3d 377, 392. Thus, "the Vienna Convention does not create in a detained foreign national a right of consular access." Id. Moreover, the only remedies available are diplomatic, political or those remedies that may exist under international law. Id. (citation omitted). The Vienna Convention's dictates, therefore, are not enforceable in the host nation's criminal courts. Id. at 393 (citation omitted).
 {¶ 27} Gegia's fourth assignment of error is without merit.
 {¶ 28} The doctrine of res judicata, however, does not apply to a motion pursuant to R.C. 2943.031(A) when the movant's non-citizenship was outside the record for purposes of direct review. See State v. Tabbaa, 151 Ohio App.3d 353,2003-Ohio-299, at ¶ 38 (Conway Cooney, P.J., concurring). In this case, there was nothing in the record at the time of the direct appeal that evinces Gegia' non-citizen status. Thus, Gegia's third assignment of error is not barred by the doctrine of res judicata and it must be reviewed on its merits.
 {¶ 29} Pursuant to R.C. 2943.031(A), prior to accepting a guilty plea, the court must advise the defendant that the guilty plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." In order for a trial court to grant a motion to vacate a guilty plea pursuant to R.C. 2943.031, however, a defendant must demonstrate that he or she suffered a prejudicial effect from the trial court's failure to advise the defendant of the consequences of his or her guilty plea. State v. White (2001),142 Ohio App.3d 132, 136-137. The mere possibility of deportation as a result of the guilty plea is insufficient to demonstrate such effect. Id. at 137; Broadview Hts. v. Cvekic (Nov. 21, 2001), 8th Dist. No. 77933, 2001 Ohio App. LEXIS 5187, at *5 (citation omitted).
 {¶ 30} In this case, there is nothing in the record that demonstrates that deportation proceedings have commenced against Gegia, nor does Gegia claim that deportation is currently being sought against him. Thus, Gegia fails to demonstrate the requisite prejudicial effect to vacate his guilty plea. White,142 Ohio App.3d at 137. Moreover, Gegia may be subject to deportation on other grounds, specifically for his acknowledged misrepresentations in obtaining his visa ("To obtain the visa, I had to be sure not to disclose any history of mental hospitalization."). See Section 1182(a)(6)(C)(i), Title 8, U.S. Code ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or hasprocured) a visa * * * is inadmissible.") (emphasis added); Section 1227(a)(1)(A), Title 8, U.S. Code ("Any alien who at the time of entry * * * was within one or more of the classes of aliens inadmissible by law * * * is deportable."). Since a deportation order is absent from the record, we cannot determine the grounds upon which the government may potentially seek a deportation order against Gegia or even if the government will seek such an order. Thus, Gegia was not prejudiced by the trial court's failure to advise him of the consequences of his guilty plea. See Cvekic, 2001 Ohio App. LEXIS 5187, at *5 ("the underlying misrepresentation remains; therefore, the INS still possesses unrelated grounds for deportation").
 {¶ 31} Thus, Gegia's third assignment of error is without merit.
 {¶ 32} In his second assignment of error, Gegia argues that the trial court erred in denying his motion for postconviction relief. In this claim, Gegia asserts that he was denied the effective assistance of counsel. Gegia specifically claims that his counsel was ineffective for failing to interview him prior to entering a plea, for failing to request an interpreter, for failing to assist Gegia in contacting consul as required by the Vienna Convention, for failing to inform Gegia of the immigration consequences of his plea, and for failing to investigate and present testimony regarding his purported mental illness.
 {¶ 33} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1). The petition must be "filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). An untimely filed petition will not be entertained unless (1) the petitioner demonstrates that he or she was unavoidably prevented from discovering the facts upon which the petitioner now relies, and (2) the petitioner shows by clear and convincing evidence that no reasonable fact finder would have found him or her guilty but for the error. R.C.2953.23(A).
 {¶ 34} Constitutional issues that have been or could have been litigated before conviction or on direct appeal, however, cannot be considered in postconviction proceedings under the doctrine of res judicata. State v. Lott, 97 Ohio St.3d 303,2002-Ohio-6625, at ¶ 19, citing Perry, 10 Ohio St.2d 175, paragraph seven of the syllabus. "[R]es judicata bars a claim of ineffective assistance of trial counsel raised for the first time in a petition for postconviction relief when such claim could have been made on direct appeal without resort to evidence beyond the record." State v. Lentz, 70 Ohio St.3d 527, 529,1994-Ohio-532. Moreover, "[i]n a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980),64 Ohio St.2d 107, syllabus.
 {¶ 35} Since the failure to grant or request an interpreter would have been indicated in the record, Gegia could have raised this issue on direct appeal without resorting to evidence beyond the record. Thus, the doctrine of res judicata bars this court from considering this claim of ineffective assistance of counsel. See State v. Apanovitch (1991), 70 Ohio App.3d 758, 762.
 {¶ 36} As to Gegia's claims that his counsel was ineffective for failing to interview Gegia, to assist Gegia in contacting consul, and to inform Gegia of the immigration consequences of the plea, the only evidence Gegia submitted dehors the record was his medical records from the mental institutions in which he was a patient. Since Gegia failed to bear his burden of submitting evidence dehors the record to substantiate these other claims of ineffective assistance of counsel, "the trial court did not err by refusing to grant postconviction relief" in regards to these claims. State v. Wilcox (Apr. 18, 1996), 8th Dist. No. 69492, 1996 Ohio App. LEXIS 1590, at *3; see, also, State v. Diamond, 8th Dist. No. 81330, 2002-Ohio-7256, at ¶ 12; State v. Shepard
(Sept. 30, 1997), 2nd Dist. No. 16087, 1997 Ohio App. LEXIS 4616, at *4.
 {¶ 37} In regards to Gegia's claim that his counsel was ineffective for failing to investigate and present testimony about his mental condition, since Gegia's petition was untimely,[1] Gegia must demonstrate that he was unavoidably prevented from discovering the facts upon which he now relies. R.C. 2953.23(A)(1). Moreover, as noted above, Gegia bears the burden of submitting evidence outside the record to demonstrate that his counsel was ineffective for failing to investigate and present evidence of his condition. See Jackson,64 Ohio St.2d 107, at syllabus.
 {¶ 38} Obviously, Gegia knew that he was a patient in mental institutions. Gegia even admitted in an affidavit filed with his petition for postconviction relief that he "knew [he] had some type of medical problem" and that he had "tak[en] psychiatric medicine." Further, the evidence Gegia submitted in support of his claim only documents the medical treatment he received from the mental institutions. This evidence neither demonstrates Gegia's inability to discover his mental condition, nor does the evidence indicate that Gegia ever informed his counsel of his past treatment. Thus, Gegia failed to bear the requisite burden of establishing his counsel's ineffectiveness. Gegia was, therefore, not entitled to post-conviction relief in regards to counsel's purported failure to investigate and present evidence of his mental condition.
 {¶ 39} Gegia's second assignment of error is, therefore, without merit.
 {¶ 40} For the foregoing reasons, we hold that Gegia's assignments of error are without merit. The decision of Portage County Court of Common Pleas is affirmed.
Judith A. Christley, J., concurs,
Donald R. Ford, P.J., concurs with a concurring opinion.
[1] The trial transcript for the direct appeal was filed in this court on October 19, 2000. Gegia's petition for postconviction relief was filed November 14, 2002, more than 180 days after the filing of the transcript as required by R.C.2953.21(A)(2).