The STATE of Ohio, Appellee,

v.

WHITE, Appellant.

[Cite as *State v. White,* 163 Ohio App.3d 377, 2005-Ohio-4898.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2004–L–129.

Decided Sept. 16, 2005.

Charles E. Coulson, Lake County Prosecuting Attorney and Amy E. Cheatham, Assistant Prosecuting Attorney, for appellee.

Dewight White, pro se.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Dewight White appeals from the judgment of the Lake County Common Pleas Court denying his motion to vacate or set aside the judgment and allow him to withdraw his guilty plea. We reverse.

{¶ 2} In 1996, White was indicted on nine counts of forgery, fourth-degree felonies. R.C. 2913.31. White subsequently pleaded guilty to four counts of the indictment and the trial court nolled the remaining counts. The trial court sentenced White to six months' imprisonment on each count, with the sentences to be served concurrently.

{¶ 3} On April 19, 2004, White moved to vacate or set aside the judgment and sentence, and to withdraw his guilty plea pursuant to R.C. 2943.031(D) and Crim.R. 32.1. The trial court denied White's motion and he timely appealed raising two assignments of error:

{¶ 4} "[1] The trial Court committed plain and reversible Error when the trial court denied Defendant–Appellant's Motion to Vacate or Set Aside Judgment and Sentence and to Withdraw Guilty Plea pursuant to R.C. 2943.031(D)[ ], [Crim.R.] 32.1, [and] from the trial court's previous failure to provide Defendant–Appellant with the advisement codified at R.C. 2943.031(A) before the trial court accepted the Defendant–Appellant's Guilty plea."

{¶ 5} "[2] Appellant's Guilty Plea was not a knowingly, voluntarily, and Intelligent plea, because the trial Court failed to address the issue of citizenship as required by R.C. 2943.031. Thus, [the trial court] violated [Crim.R.] 11(C)(2)."

{¶ 6} R.C. 2943.031 states:

{¶ 7} "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

{¶ 8} "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'

{¶ 9} "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.

{¶ 10} "(B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:

{¶ 11} "(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative;

{¶ 12} "(2) The defendant states orally on the record that he is a citizen of the United States."

{¶ 13} R.C. 2943.031(D) provides:

{¶ 14} "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 15} We review the trial court's judgment denying White's motion using an abuse-of-discretion standard. *State v. Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32.

{¶ 16} "[A] defendant seeking relief under R.C. 2943.031(D) must make his * * * case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)." Id. at ¶ 36.

{¶ 17} To be entitled to relief under R.C. 2943.031(D), White must show four things: (1) the trial court failed to give the advisement required by R.C. 2943.031(A), (2) the trial court was required to give the advisement, (3) he is not a citizen of the United States, and (4) the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization under United States law.

{¶ 18} In the instant case, there is no dispute that White is not a citizen of the United States, the trial court was required to give the advisement, and the trial court did not do so.

{¶ 19} White attached this motion a copy of an order that had been issued by an immigration judge, ordering White to be removed from the United States to Jamaica.

{¶ 20} The state contends that White had an affirmative duty to inform the trial court at the time of his plea that he was not a citizen of the United States. We disagree. While White is required to provide some documentation or other evidence to support his motion pursuant to R.C. 2943.031(D), see *State v. Almingdad*, 151 Ohio App.3d 453, 455, 2003-Ohio-295, 784 N.E.2d 718, the advisement statute places the duty on the court to determine the defendant's citizenship status. The very language of the advisement shows this, as it states, "*If* you are not a citizen of the United States * * *." (Emphasis added.) R.C. 2943.031(A). Further, R.C. 2943.031(A) requires the court to address the defendant personally. It does not, by its plain language, require the advisement to be given only to noncitizens. Of course, noncitizens are the only persons who have a remedy for the trial court's failure to give the advisement under R.C. 2943.031(D). See, generally, *State v. Gegia*, 11th Dist. No. 2003–P–0026, 2004-Ohio-1441, 2004 WL 574623, ¶ 28.

{¶ 21} A defendant must show that he suffered a prejudicial effect from the trial court's failure to comply with R.C. 2943.031(A). Id. at ¶ 29. "The mere possibility of deportation as a result of the guilty plea is insufficient to demonstrate such effect." Id.

{¶ 22} Here, White attached a deportation order to his motion and stated that the order was based on the offenses to which he pleaded guilty in the instant case. Thus, White has shown prejudice. Cf. *Gegia*, supra at ¶ 30 ("In this case, there is nothing in the record that demonstrates that deportation proceedings have commenced against Gegia, nor does Gegia claim that deportation is currently being sought against him. Thus, Gegia fails to demonstrate the requisite prejudicial effect to vacate his guilty plea").

{¶ 23} Finally, the state argues that the doctrine of res judicata bars White from raising the issues herein because he failed to file a direct appeal of his judgment and sentence. In *Gegia*, we held, "The doctrine of res judicata * * * does not apply to a motion pursuant to R.C. 2943.031(A) [sic] when the movant's non-citizenship was outside the record for purposes of direct review." Id. at ¶ 28.

{¶ 24} White made the four-part showing required under R.C. 2943.031(D). Thus, the trial court abused its discretion in denying his motion. White's first assignment of error has merit.

{¶ 25} Our decision on White's first assignment of error renders his second assignment of error moot.

{¶ 26} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and O'TOOLE, J., concur.