OPINION
{¶ 1} Appellant, Imran Qasim, appeals from the August 11, 2006 judgment entry of the Willoughby Municipal Court, denying his motion to withdraw plea and vacate dismissal.
 {¶ 2} On November 27, 2000, appellee, city of Willoughby Hills, filed a complaint against appellant for domestic violence, a misdemeanor of the first degree, in *Page 2 
violation of R.C. 2919.25(A)(3). Appellant pleaded not guilty at his initial appearance on November 29, 2000.
 {¶ 3} On December 13, 2000, appellant withdrew his former not guilty plea and entered a plea of no contest.[1] He signed a waiver of right to speedy trial. The trial court referred appellant to domestic violence diversion and scheduled a pretrial diversion hearing. On April 3, 2001, the trial court dismissed the domestic violence charge.
 {¶ 4} On August 10, 2006, appellant filed a motion to withdraw plea and vacate dismissal pursuant to R.C. 2943.031(D) and Crim.R. 32.1, along with his affidavit.[2]
 {¶ 5} Pursuant to its August 11, 2006 judgment entry, the trial court denied appellant's motion to withdraw plea and vacate dismissal, indicating that the matter had been dismissed on April 3, 2001.[3] It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 6} "The trial court erred to the prejudice of [appellant] in denying his motion to withdraw plea and vacate dismissal and in failing to properly apply [R.C] 2943.031(A) and [Crim.R.] 32.1." *Page 3 
 {¶ 7} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to withdraw plea and vacate dismissal and in failing to properly apply R.C. 2943.031(A) and Crim.R. 32.1. Appellant posits three issues for our review. In his first issue, appellant contends that the trial court failed to comply with the mandatory provisions of R.C. 2943.031, requiring a warning of the immigration consequences of a guilty or no contest plea prior to accepting his plea. In his second issue, appellant maintains that the trial court's dismissal of the domestic violence charge against him provided no legal basis for the trial court to later deny his motion to set aside the judgment and to withdraw his no contest plea. In his third issue, appellant alleges that the trial court erred in denying his motion based upon Crim.R. 32.1 without holding a hearing.
 {¶ 8} Because appellant's three issues are interrelated, we will address them together.
 {¶ 9} R.C. 2943.031(A) provides: "* * * prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 {¶ 10} "`If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when *Page 4 
applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'
 {¶ 11} "Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division."
 {¶ 12} In the instant matter, the record does not establish that appellant was informed of the advisement as set forth in R.C.2943.031(A). Also, appellee concedes that the record is silent as to whether appellant was advised of the R.C. 2943.031(A) advisement. Thus, we can conclude that it was not given. See R.C. 2943.031(E), (indicating that "[i]n the absence of a record that the court provided the advisement described in division (A) of this section and if the advisement is required by that division, the defendant shall be presumed not to have received the advisement.")
 {¶ 13} R.C. 2943.031(D) states: "[u]pon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." *Page 5 
 {¶ 14} "[I]n order for the R.C. 2943.031 advisement to apply, the record must affirmatively demonstrate that a defendant is not a citizen of the United States through affidavit or other documentation." State v. Almingdad, 151 Ohio App.3d 453, 2003-Ohio-295, at ¶ 19. (Citations omitted.) Again, appellant attached an affidavit to his motion, stating that he was not a United States citizen and that he was not advised nor did he understand his rights or that he could suffer extreme immigration consequences. Thus, he properly showed, through his affidavit, that he was not a United States citizen.
 {¶ 15} In addition, "[a] defendant must show he suffered a prejudicial effect from the trial court's failure to comply with R.C. 2943.031(A)." State v. White, 163 Ohio App.3d 377, 2005-Ohio-4898, at ¶ 21, citing State v. Gegia, 11th Dist. No. 2003-P-0026, 2004-Ohio-1441, at ¶ 29. "The mere possibility of deportation as a result of the guilty [or no contest] pleas is insufficient to demonstrate such effect.'" Id.
 {¶ 16} Here, while the better practice would have been for appellant to submit the actual order of the immigration proceedings, he did claim in his affidavit that deportation proceedings had begun against him. As such, appellant shows a prejudicial effect from the trial court's failure to comply with R.C. 2943.031(A). Cf. Gegia, supra, at ¶ 30 (holding "there is nothing in the record that demonstrates that deportation proceedings have commenced against Gegia, nor does Gegia claim that deportation is currently being sought against him. Thus, Gegia fails to demonstrate the requisite prejudicial effect to vacate his guilty plea.") (Emphasis added.)
 {¶ 17} R.C. 2943.031(F) provides: "[n]othing in this section shall be construed as preventing a court, in the sound exercise of its discretion pursuant to Criminal Rule *Page 6 
32.1, from setting aside the judgment of conviction and permitting a defendant to withdraw his plea."
 {¶ 18} Crim.R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 19} "An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion." State v. Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Desellems, supra, at 8, citing State v. Montgomery (1991), 61 Ohio St.3d 410, 413.
 {¶ 20} In the case at bar, although appellant demonstrates that he is not a United States citizen through his affidavit, and shows that he suffered prejudice due to the fact that deportation proceedings had begun against him, the trial court's failure to advise him of the R.C.2943.031(A) advisement was error with respect to the facts in this case. Again, pursuant to its December 13, 2000 judgment entry, the trial court referred appellant to domestic violence diversion. Due to appellant's compliance, the trial court dismissed the domestic violence charge on April 3, 2001 making appellant's plea null and void. Appellant filed a motion to withdraw plea and vacate dismissal on August 10, 2006, along with his affidavit. However, since there was no case pending or in *Page 7 
existence, the case having been dismissed with prejudice by the time appellant filed his motion, the trial court properly exercised its discretion in denying the motion. We realize that the department of immigration may chose to proceed utilizing a dismissed conviction and a null and void plea. This would create a manifest injustice which this appellate court is powerless to correct.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Willoughby Municipal Court is affirmed.
MARY JANE TRAPP, J., concurs in judgment only with Concurring Opinion. WILLIAM M. O'NEILL, J., dissents with Dissenting Opinion.
MARY JANE TRAPP, J., concurs in judgment only with Concurring Opinion.
 {¶ 22} I concur with the judgment inasmuch as the trial court did not abuse its discretion by denying appellant's motion to withdraw the no contest plea and vacate the dismissal. I write to make it clear that appellant's successful completion of the diversion program and the subsequent dismissal of the charge against him deprived the trial court of jurisdiction over the matter dismissed.
 {¶ 23} "When a criminal case is dismissed, it is over — except in the case where the dismissal is appealed." See State ex rel. Douglas v.Burlew (2005), *Page 8 106 Ohio St.3d 180; 2005-Ohio-4382, at ¶ 13, citing State ex rel. Flynt v.Dinkelacker (2004), 156 Ohio App.3d 595, 2004-Ohio-1695, at ¶ 20.
 {¶ 24} The court below unconditionally dismissed the case against appellant. Thus, the trial court "patently and unambiguously" lacked the jurisdiction to proceed. See Page v. Riley (1999), 85 Ohio St.3d 621,623.
[1] The trial judge failed to advise appellant, pursuant to R.C.2943.031, that such a plea could affect his immigration status.
[2] In his affidavit, appellant indicated the following: he was a native of Pakistan; was not a United States citizen; was a permanent resident of the United States since 1998; was not advised nor did he understand his rights or that he could suffer extreme immigration consequences; did not understand that he could be "thrown out" of the United States for his offense; that removal proceedings have commenced against him; and that he has two young children, both United States citizens, who are financially dependent on him.
[3] Appellee filed an objection to appellant's motion to withdraw plea and vacate dismissal on August 17, 2006, after the trial court's judgment entry.