. Mr Justice Story
 

 delivered the opinion of the Court.
 

 This is an appeal from the decree of the circuit court of the district of Ohio, in a suit in equity, in which the present appellant was original plaintiff.
 

 In June 1827, the plaintiff purchased of John Bartle. the lot of land in controversy, (which is asserted to be worth from 50,000 dollars to 70,000 dollars) for the consideration, as stated in the deed of conveyance, of 3000 dollars; and the present suit was brought in December of the same year.. The bill states, that when *hfe city of Cincinnati was laid out, in 1789, the country being then a wilderness, certain lots of the city were allotted as donations to those who should make certain improvements, and. that the evidence of ownership of such lots was a certificate of the proprietors, which was transferable from one to another, by delivery. That lot, number one, on the plat of the. city (the lot in controversy), was allotted to Samuel Bláckburn, who transferred his right to one James Campbell, who transferred it to Bartle in 1790, and the latter completed the improvements required by the terms of the donation., That Bar. le continued to occupy the lot under this certificateof title for several yeprá; when, becoming embarrassed, he mortgaged the lot to one Robert Barr of Lexington, Kentucky ; of whom, the bill states, and fiis heirs, if deceased, the plaintiff knows nothing; for the such.of TOO dollars; for the payment of which
 
 tjie
 
 rents received by Bartle,-from the ten
 
 *414
 
 ants in possession, were to then alleges that Bartle afterwards lost the certificate in. crossing the Ohio river; that- Charles Vattier,' one of the defendants, fraudulently purchased the mortgage of Barr, and obtained possession of the lot from the tenants, in the absence of Bartle from the country, and acquired the legal title from John C. Symmes, in whom it was vested. That Vattier afterwards sold. the same to one John Smith, who is since deceased ; and his heirs, if any are alive, are unknown to the plaintiff; and who had full notice of Bartle’s title. That Smitu afterwards sold the same to one John H. Piatt, since deceased, whose heirs are made defendants, who also had notice of Bartle’s
 
 title;
 
 that Piatt, in his life time, mortgaged the sainé to the Bank of the United States, which has obtained possession and complete title, with the like notice. The bill further charges that Bartle assérted- his right to the premises to Vattier, Smith and Piatt at various times, but from poverty was unable to attempt enforcing the same in £ court of equity; or elsewhere; and that the plaintiff has -recently, in December 1827, purchased Bar-tle’s right, and obtained a conveyance thereof. The bill then states that the plaintiff had hoped that the bank would have surrendered the possession, or in case it refused so to do, that Vattier would have accounted with the plaintiff for the value thereof, taking an account of. the' mortgage money paid to -Barr,'of the improvements, rents, profits, &c. But that the bank has refused to surrender the possession, and Vattier has refused to account. - And it then prays a .decree against the bank to surrender the possession, and account for the rents and ■profits, and to execute a quiet claim; or, if the bank is protected in the possession, that Vattier shall be decreed to account, and for .general relief.
 

 In their answers, Vattier and the Bank of the United States assert themselves to be bona fide purchasers, for a- valuable consideration, of an absolute title to the premises, without notice of Bartle’s title, and they rely on the lapse of time also as a defence. The bill, as to the heirs of J. II. Piatt, was taken pro c'onfesso, they-not having appeared in the cause.
 

 From the evidence in the cause it appears, that'Vattier and those claiming title under him, have been in possession of the premises, claiming an absolute title thereto, adverse to the title
 
 *415
 
 of Bartle, ever since the 20th of March 1797, the day of the date of the conveyance, from Symmes to Vattier. At the hearing, in the circuit court, the bill was dismissed ; and the cause now stands before this court upon an appeal .taken from that-decision.
 

 Various questions have been made at the argument before-us, as to the nature and character of Bartle’? title ; .and, if he had any valid title, whether the purchasers under Barr had notice of it. With these and some other questions, We do not intermeddle; because in our view of the cause, they are not necessary to a correct decision of it.
 

 The important question is, whether the plaintiff is barred by the lapse.of time: for we' do not understand, that the adverse possession presents, under the laws of Ohio, any objection to . the transfer of Bartle’s title'to the plaintiff; if Bartle himself could assert it in a court of equity. This question has been .- argued at the bar under a double aspect: first, upon the ground of the statute of limitations of Ohio; and secondly, upon the ground of an equitable bar, by mere lapse of time, independently of that statute.
 

 In regard to the statute of limitations, it is clear that the full time has elapsed to give effect to that bar, upon the known analogy adopted by courts of equity, in regard to trusts of real-estate, unless Bartle is within one of the exception's of the statute by his non residence and absence from the state. It is said that there is complete proof in the cause, to establish such non residence and absence. But the difficulty is, that the non residence and absence are not .charged in the bill, and of course are not denied or put in issue by the answer; and unless they are so put in issue, the court can take no notice of the proofs ; for the proofs to be admissible must be founded upon some allegations in the bill and answer. It has been supposed that a different doctrine was held by lord Hardwicke in Aggas v. Pickerell, 3 Atk. 228, and Gregor v. Molesworth, 2 Ves. 109, and by lord Thurlow in Deloraine v. Browne, 3 Bro. Ch. Rep. 632. But these cases did not proceed upon the ground, that proofs were admissible to show the party, plaintiff, tobe within the exception of the statute of limitations, when relied on by-' way of plea or answer; and the exception was not stated in the bill, or specially replied; but upon the ground that the omission
 
 *416
 
 in the bill to allege such exception could not be taken by way Of demurrer. And even this doctrine is contrary to former decisions of the court
 
 ;
 

 (a)
 

 and it has since been explicitly overruled, and particularly in Beckford v. Close, 4 Ves. 476 ; Foster v. Hodgson, 19 Ves. 180; and Hovenden v. Lord Annesley, 2 Sch. and Lefr. 637, 638. And the doctrine is now clearly established, that if the statute of limitations is relied on as a bar, the plaintiff, if he would avoid it, by any exception in the statute, must explicitly allege it in his bill, or specially reply it; or, what is the modem practice, amend his bill, if it contains no suitable allegation to meet the bar.
 

 (b)
 

 In the present case, if the merits were otherwise clear, the court might remand the cause for the purpose of amending the pleadings, and supplying this defect. But, in truth, the answers, though they rely generally on the lapse of time, do not specially rely on the statute of limitations, as a bar : and the case may, therefore, well be decided upon the mere lapse of time, independently of the . 'statute.
 

 , And we are of opinion that the lapse of time is, upon the principles, of a court of equity, a clear bar to the present suit, independently of the statute. There has been a clear adverse possession of thirty years without the acknowledgement of any equity or tr'uát estate in Bartle; and no circumstances are stated in the bill, or shown in the evidence, which overcome the decisive influence of such an adverse possession. ■ The established doctrine, — or as Lord Redesdale phrased it, in Hovenden v. Annesley, 2 Sch. and Lef. 637, 638, “ the law of courts oí equity” — from its being a rule adopted by those courts, independently of any positive legislative limitations, is, that it will not entertain stale demands. Lord Camden, in Smith v. Clay, 3 Brown’s Ch. Rep. 640, note, stated it in a very pointed manner. “ A court of equity,” said he,
 
 “
 
 which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, where the party has slept upon his rights, or acquiesced for a great length of time. Nothing
 
 *417
 
 can call forth this court into activity but conscience, good faith and reasonable diligence. Where these are wanting, the court, is passive and does nothing; lach.es and neglect are always' discountenanced; and therefore from the beginning of this jurisdiction there was always a limitation! of suit in this court.” The same doctrine has been repeatedly recognized in the British courts, as will abundantly appear from the cases already cited, as well as from the great case of Cholmondeley v. Clinton,
 
 2
 
 Jac. and Walk. l.
 
 (a)
 
 It has also repeatedly received the sanction of the American courts, and was largely discussed in Kane v. Bloodgood, 7 Johns. Ch. Rep. 93, and Decouche v. Saratiere, 3 Johns. Ch. Rep. 190. And it has been acted on in tbeiullest manner by this court; especially in the case of Prevost v. Gratz, 6 Wheat. 481, 5 Cond. Rep. 142 ; Hughes v. Edwards, 9 Wheat. 489,
 
 5
 
 Cond. Rep. 648 ; and Willison v. Matthews, 3 Peters 44; and Miller v. M’lntire, 6 Peters 61, 66.
 

 Without, therefore, going at large into the grounds- upon which this doctrine is established, though it admits of the most ample vindication and support; we are all of opinion that the lapse of time in the present case is a complete bar to the relief sought, and that the decree of the circuit court dismissing the bill, ought to be affirmed with costs.
 

 This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Ohio, and was argued by counsel; on consideration whereof, it is decreed and ordered by this court, that the decree of the said circuit court in this 'cause be, and. the same is hereby affirmed with costs.
 

 (a)
 

 See South Sea Company v. Wymondsell, 3 P. Wms 143, 145, and Mr Coxe’s note; Cooper’s Eq. Pl. 254, 255 ; Smith v. Clay, 3 Bro. Ch. Rep. 640, note.
 

 (b)
 

 See Belt’s note to the case of Deloraine v. Browne, 3 Bro. Ch. Rep. 640, n. 1; Miller v. M’Intire, 6 Peters 61, 64.
 

 (a)
 

 See also Beckford v. Wade, 17 Ves. 86; Barney v. Ridgard, 1 Cox. Cas. 145; Blannerhassett v. Day; 1 Ball, and Beatt. Rep. 104; Hardy v. Reeves, 4 Ves. 479; Harrington v. Smith, 1 Bro. Par. Cas. 95.