The opinion of the Court was delivered by
Wardlaw, Ch.
The first ground of appeal insists, that the plaintiff did not acquiesce in the deed sought to be cancelled, for more than four years after the duress, under which it had been executed, had been removed. It is slated in the argument here, in support of this ground, that the undue influence of the grantee, W. L, Keith, over the plaintiff, continued *38 during the life of the former, and ceased only at his death, which happened two years before the bill was filed. The conclusive reply is, that the pleading of plaintiff assails the the deed exclusively for duress preceding and attending the execution of the deed; and that at the trial there was no offer of proof of duress or malign influence afterwards. The case in this respect is settled by the doctrine of Beck vs. Searson, 8 Rich. Eq., 130.
The third ground of appeal additionally insists that there was no acquiescence of the plaintiff, by act or deed, barring him from relief in this Court. The decree does not proceed on the affirmation of any such fact; contrariwise, concedes that there was no positive confirmation of the deed by the grantor. What is treated as acquiescence is simply the forbearance of the plaintiff for four years and two months to institute any suit or plaint. It was the laches or default of the plaintiff, not his active misconduct, which was considered a bar to his relief. We are not convinced of error in the Chancellor in this respect.
The second ground of appeal affirms that the bar of the statute of limitations was incomplete in duration when the bill was filed. This means and implies that one who pursues an estate for any claim in equity, is entitled, in addition to the four years allowed by the statute of limitations, to nine months for the commencement of his complaint by bill, because, under the. Act of 1787, no action can be instituted for nine months after the death of a testator or intestate for recovery of any debt of the deceased. It seems to be the doctrine of the Law Court that the effect of the latter Act is to prolong the barring term of the statute of limitations as to all suits for nine months, wherever the representative is exempt from action for this fraction of a year for recovery of a debt; yet in the last case on the point,Lawton vs. Bowman, 2 Strob., 190, one member of that Court placed his concurrence entirely on the score of authority, avowing his belief that the result was against principle. It is plain that neither *39 the statute of limitations nor the Act of 1787 applies, in express terms, to the Court of Equity; yet in avoidance of any appearance of conflict between co-ordinate tribunals, we would follow here the decisions of the Law Court as to demands strictly legal. I have sufficiently expressed my views, as a single Judge, concerning the operation of the Act of 1787, as to this Court, in the case of Sollee vs. Croft, 7 Rich. Eq., 34, and as to the statute of limitations in White vs. Bennett, Ib., 260. We follow the statute of limitations in positive bar of legal demands, whether in obedience or analogy, it is immaterial to consider; but it has certainly never been authoritatively intimated in this Court that we could not bar the peculiar remedies of this Court at a term short of the term of the statute. We exact diligence in plaintiffs. The Chancellor in his decree barred the plaintiff for his laches, and not by the terms of the statute of limitations. The doctrine on this subject is well stated by C. J. Taney, in McKnight vs. Taylor, 17 Pet., 202: “ It is not merely on the'presumption of payment or in analogy to the statute of limitations that a Court of Chancery refuses to lend its aid to stale demands. There must be conscience, good faith and reasonable diligence to call into action the powers of the Court. In matters of account, where they are not barred by the act of limitations, Courts of Equit3?- refuse to interfere after a considerable lapse of time, from considerations of public policy, and from the difficulty of doing entire justice when the original transactions have become obscure by time, and the evidence may be lost. The rule on this subject is settled by Platt vs. Vultier, 9 Pet., 416, and where conscience, good faith and reasonable diligence are lacking, a Court of Equity is passive and does nothing; and therefore from the beginning of Equity Jurisdiction, there was always a limitation of suit in that Court.” V. C. Wigram supports this doctrine in 3 Hare, 357, Tatam vs. Williams. In our own case of White vs. Bennett, 7 Rich. Eq., 260, a vendee, suing for specific performance, was held to be barred by his *40 laches for two years and three months. This case, like that, belonged to the peculiar remedies of this Court. It should be borne in mind that the person whose death, in this case, is supposed to prolong the term of the statute, is a naked trustee, and that his representatives are not pursued for any relief out of his estate.
On the fourth ground we consider it unnecessary to add to the remarks in the decree.
It is ordered and decreed that the appeal be dismissed, and the decree be affirmed.
Dunkin, Ch., concurred.
Decree affirmed,