THEODORE JOHNSON et al.

*v.*

THE BOARD OF COMMISSIONERS OF SOMERVILLE.

1. Great delay in seeking relief is a good bar to a suit for specific performance.

2. Sixty years' delay constitutes a bar.

3. A suitor asking a court of equity to give him the benefit of the exercise of its discretionary power, must show a good conscience, good faith, and reasonable diligence.

On demurrer.

*Mr. James J. Bergen,* for demurrant.

*Mr. S. B. Ransom,* for complainants.

THE VICE-CHANCELLOR.

This case may be decided by the application of a familiar rule. The bill asks for specific performance of a contract to convey lands, made June 14th, 1809, and which, by its terms, was to be performed on or before the 1st of April, 1810. This suit was commenced December 23d, 1873, over sixty-four years after the contract was made, and over sixty-three years after breach, if any ever occurred. The complainants claim as devisees of the vendee. He died March 12th, 1828, and the vendor died September 6th, 1830, so that the complainants slept upon their rights over forty-five years after they had a right to sue. Their ancestor had previously slept for a period of nearly eighteen years.

The remedy by specific performance is discretionary. The question in such cases is not what must the court do, but what, in view of all the circumstances of the case in judgment, should it do to further justice. *Plummer* v. *Keppler, 11 C. E. Gr. 482.*

Great delay in seeking relief is a good bar to any suit in equity. It is very difficult, in most cases, to get full and trustworthy evidence respecting a disputed transaction which occurred twenty years before it is brought under judicial investigation, and in a case where sixty years have elapsed it would be a marvel if it were not entirely impossible.

With regard to delay in seeking this particular remedy, Lord Alvanley has said: "A party cannot call upon a court of equity for specific performance unless he has shown himself ready, desirous, prompt and eager." *Milward* v. *Earl of Thanet, 5 Ves. 720, note b.* Lord Cranworth has given expression to the same opinion: "Specific performance is relief which this court will not give unless in cases where the parties seeking it come as promptly as the nature of the case will permit." *Eads* v. *Williams, 4 De G. M. & G. 691.* In *Van Doren* v. *Robinson, 1 C. E. Gr. 263,* Chancellor Green said: "Great delay, unaccounted for, is a bar to a claim for specific performance." Lord Camden, at an early day,

stated the general doctrine as follows : "A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands where the party has slept upon his rights or acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith and reasonable diligence. Where these are wanting, the court is passive and does nothing; laches and neglect are always discountenanced; and therefore, from the beginning of this jurisdiction, there was also a limitation of suit in this court." *Smith* v. *Clay, 3 Bro. C. C. 639, note.* The doctrine as thus stated was enforced in a case strongly analogous to the one in hand, by the supreme court of the United States. *Piatt* v. *Vattier, 9 Pet. 413.*

But little need be said in demonstration of the application of these principles to the case under consideration. More than seventy years have elapsed since the right of action accrued. Both of the contracting parties have been dead over fifty years. It is almost certain that every adult person who knew anything about the contract at the time it was to be performed is also dead. Even those who were just old enough, at that time, to have capacity to comprehend a business transaction, are now, most probably, either dead or so enfeebled in mind and body as to be unfit to give evidence. Whether this be so or not, it is certain that much valuable and material evidence has been swept away by the great lapse of time, and thus the court has been deprived, by the laches of the complainants, of the means of ascertaining the truth, and, consequently, of doing justice. It is no injustice to a suitor to deny him a hearing when it appears that, by his own laches, he has rendered it impossible for the court to do full justice to both parties.

The claim made in this case is exceptionally stale. I can find no instance in which one so remarkable for its antiquity has ever before been presented for judicial approval, and I think it should, for that reason alone, be held to be barred.

The demurrer must be sustained, with costs.