The **STATE** ex rel. **CARR**

v.

**INDERLIED, Judge, et al.**

[Cite as *State ex rel. Carr v. Inderlied* (2000), 137 Ohio App.3d 50.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 99–G–2236.

Decided March 13, 2000.

*Arthur Carr, pro se.*

*H.F. Inderlied, Jr., pro se.*

*Betty D. Montgomery,* Attorney General, and *Joshua T. Cox,* Assistant Attorney General, for respondent Linda Wagoner.

**52**

*Per Curiam.*

This action in mandamus is presently before this court for final determination of respondents' separate motions to dismiss, filed respectively on July 16 and August 12, 1999. As the primary basis for their motions, both respondents, Linda Wagoner and Judge H.F. Inderlied, Jr. of the Geauga County Court of Common Pleas, maintain that the dismissal of the case is warranted under Civ.R. 12(B)(6) because the petition of relator, Arthur Carr, fails to state a viable claim in mandamus. For the following reasons, we conclude that both motions have merit.

Relator is presently an inmate at the Belmont Correctional Camp in St. Clairsville, Ohio. As an inmate, relator is allowed to maintain a "prison account" in which certain funds are held in his behalf. This account is administered by respondent Wagoner, who is an employee of the institution.

On June 3, 1999, respondent Wagoner deducted the sum of $10.55 from relator's account. This deduction was made pursuant to a judgment entry in which respondent Inderlied had ordered relator to pay the sum of $295.80 in court costs.

Approximately one month after the taking of the funds, relator brought the instant action in mandamus, essentially seeking to challenge the propriety of the judgment entry and the resulting deduction. Specifically, relator argued in his petition that he should not be required to pay the court costs because he is indigent. For his relief, he sought the issuance of an order requiring (1) respondent Inderlied to vacate the judgment entry concerning the payment of the court costs, and (2) respondent Wagoner to reimburse him for deducted funds.

In now moving to dismiss relator's petition, both respondents essentially assert that, even when his allegations are construed in a manner most favorable to him, he will not be able to satisfy each element of a mandamus claim.[1] Specifically, they contend that relator's claim is not viable because there exist alternative remedies through which he could have achieved the same result as he has tried to obtain in this action.

---

1. As an aside, we would note that respondent Inderlied's dismissal argument was set forth in his answer to the petition. However, pursuant to *State ex rel. Rashad v. Wilkinson* (1999), 87 Ohio St.3d 1458, 720 N.E.2d 540, and *State ex rel. Colwell v. Rogers* (1996), 76 Ohio St.3d 1418, 667 N.E.2d 22, an answer in an original action can be treated as a motion to dismiss. Moreover, we would emphasize that, because our decision to dismiss as to respondent Inderlied is predicated upon an argument asserted in respondent Wagoner's motion to dismiss, relator has had an adequate opportunity to respond to the dismissal arguments.

■ To be entitled to the issuance of a writ of mandamus, a relator must demonstrate, *inter alia,* that he does not have a plain and adequate remedy in the ordinary course of the law. *State ex rel. Smith v. Yost* (Dec. 11, 1998), Ashtabula App. No. 98–A–0099, unreported, at 4, 1998 WL 1472835. In considering this element of a mandamus claim, this court has held that a direct appeal from a final judgment constitutes an adequate legal remedy because a relator cannot employ a direct appeal to achieve the identical outcome as a mandamus action. *State ex rel. Dudley v. Logan* (Mar. 26, 1999), Trumbull App. No. 99–T–0012, unreported, at 5, 1999 WL 1483433.

■ In the instant case, respondent Inderlied's judgment assessing court costs following the conclusion of a criminal proceeding is a final appealable order because it decides the action and prevents a decision in the defendant's favor. See R.C. 2505.02(B)(1). Thus, since relator could have raised the "indigence" issue in a direct appeal from the "costs" judgment, he had an adequate legal remedy which, as a matter of law, forecloses his use of the present action to obtain the same result.

■ In regard to relator's allegations against respondent Wagoner, this court would note that the Ohio Revised Code sets forth a specific procedure through which an individual can bring a civil action against a state employee. R.C. 2743.02(F) provides that when an individual intends to allege that a state employee has caused an injury while acting outside the scope of her employment, the individual is required to bring the action in the Court of Claims. The statute further provides that the Court of Claims has original jurisdiction in determining whether the employee is immune from liability and whether the action can proceed in a court of common pleas.

In applying R.C. 2743.02(F), the Twelfth Appellate District has held that a prison inmate can use an action in the Court of Claims to seek reimbursement of funds which were improperly withheld from him by prison employees. *Cotten v. Wilkinson* (Aug. 11, 1997), Madison App. No. CA96–08–030, unreported, 1997 WL 451372. The *Cotten* court also held that an action under R.C. 2743.02(F) constitutes an adequate legal remedy for purposes of determining whether a mandamus action could be maintained. *Id.*

By seeking the reimbursement of funds deducted from his prison account, relator's allegations against respondent Wagoner readily state a claim which should be asserted in an action under R.C. 2743.02(F). Accordingly, relator again had an adequate legal remedy that forecloses his use of the instant action to obtain the identical outcome.

Pursuant to the foregoing analysis, we conclude that the nature of the allegations in relator's petition is such that he will be unable to prove any set of

facts under which he would not have an adequate remedy at law as to either respondent. Therefore, as relator's petition does not state a viable claim in mandamus as to either respondent, the dismissal of this action is warranted under Civ.R. 12(B)(6). *Smith, supra,* at 4–5.

Consequently, respondents' separate motions to dismiss are granted. It is the order of this court that relator's mandamus petition is hereby dismissed in relation to both respondents.

Petition dismissed.

FORD, P.J., CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.