DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, York International Corporation ("relator"), filed this original action in mandamus, seeking a writ ordering respondent the Industrial Commission of Ohio ("commission") to vacate its orders which allocated 50 percent of respondent Robert Delaney's ("claimant's") permanent total disability ("PTD") compensation award to relator's self-insured risk.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Relator has filed three objections to the magistrate's decision, which we summarize as follows. Relator first contends that an order made without notice to the party to be bound is void from its inception. Next, relator claims it did not waive its due process right to notice an opportunity to be heard merely because Gates McDonald, its representative of record, was present at the August 1994 PTD hearing. Finally, relator states the doctrine of laches is inapplicable to a motion to vacate a void judgment or order. As the objections are interrelated, we will address them together.
 {¶ 3} Relator's objections to the magistrate's decision are based entirely on the proposition that the commission's orders of August 1994, and March and July 1995 were void ab initio. InEvans v. The Ohio Supreme Court, Franklin App. No. 02AP-736, 2003-Ohio-959, we explained the crucial distinction between the terms "void" and "voidable." If a judgment is void, it is a legal nullity and may be collaterally attacked at any time. However, if a judgment is merely voidable, it has the effect of a proper legal order unless it is successfully challenged through a direct attack on the merits. Id. Where a court lacks subject matter jurisdiction, its order is void. Maisons Lafayette, Inc. v.Luken (Nov. 1, 1978), Hamilton App. No. C-77698. Where the exercise of a court's legitimate power is procedurally flawed, the court's decision is binding upon the parties until it is set aside in a manner provided by law. Id.
 {¶ 4} The Workers Compensation Act allows for the possibility that a party may not receive proper notice of a proceeding before the commission, and provides a remedy for such an occurrence. A party who wishes to challenge an order based on a lack of proper notice of the initial order must do so within 21 days of receiving actual notice. R.C. 4123.522. Thus, in Todd v. GeneralMotors Corp. (July 10, 1980), Franklin App. No. 79AP-915, we held that the commission's failure to provide notice and a hearing prior to issuing a decision rendered the commission's decision voidable, rather than void. We recognized the statutory remedy and denied relator's request for a writ, as its due process claim could be raised on appeal and thereby provided relator with an adequate remedy at law.
 {¶ 5} In State ex rel. LTV Steel Co. v. Indus. Comm.
(2000), 88 Ohio St.3d 284, 286, 725 N.E.2d 639, a case with facts strikingly similar to the case sub judice, the self-insured employer's workers' compensation administrator stated by affidavit that he did not know about a June 20, 1995 order of the commission until October 16, 1995, when it learned of the order independently of the commission's notice procedures. The Supreme Court stated that determining whether notice was proper is a factual determination within the province of the commission, and that its factual determination on the sufficiency of notice will be upheld as long as there is some evidence in the record in support. The commission heard testimony that the injured worker hand-delivered a copy of the commission's order to the employer's representative. Pursuant to R.C. 4123.522, the employer in LTVSteel had 21 days from the date it received actual notice to seek relief from the order. As the employer in LTV Steel knew of the order and did not seek relief within the statutory time frame, the commission declined to reconsider its previous order. The Supreme Court determined the commission did not abuse its discretion in declining to exercise its continuing jurisdiction, as there was some evidence in the record to support the commission's determination.
 {¶ 6} In the case at bar, the commission clearly had jurisdiction to issue an order requiring relator to pay PTD compensation to claimant; the only question is whether the commission's exercise of that jurisdiction comported with basic principles of due process. Relator acknowledges it knew of the disputed orders on April 20, 1995. On July 3, 1995, the commission issued a revised corrected order and properly notified the parties. Relator also does not dispute receiving this notice, and in fact obeyed the commission's order and made the required payments.
 {¶ 7} Relator did not dispute the validity of these orders until August 1999, stating it did not take action during the intervening four years because it simply did not "pay attention" to the fact that it was paying PTD compensation until the amount paid reached an amount relator considered to be significant. Though relator initially did not receive proper notice of the disputed orders, relator failed to take advantage of the due process afforded by R.C. 4123.522 when it received actual notice. Consistent with the Supreme Court's decision in LTV Steel, we hold that the commission did not abuse its discretion in finding relator's stated reason for not seeking relief sooner was insufficient to justify its four-year delay, and in finding that claimant would be unduly prejudiced if the requested relief was granted.
 {¶ 8} In summary, as explained above, the initial failure of notice rendered the disputed orders voidable, not void. Relator's claim it did not waive due process has no bearing on the matter at hand, as the commission's ruling was based on relator's actions, or lack thereof, after it had actual notice of the disputed orders. Relator's contention that the doctrine of laches does not apply here is not well-taken, as the disputed orders are merely voidable. Therefore, relator's first, second and third objections to the magistrate's decision are overruled.
 {¶ 9} Following an independent review of the record, we find the magistrate has properly determined the facts and applied the salient legal standards. We therefore adopt the magistrate's decision as our own, including the findings of fact and conclusions of law it contains, noting that the disputed orders were voidable rather than void. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Petree and Brown, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : York International Corporation, : Relator, : v. : No. 03AP-566 The Industrial Commission of Ohio : (REGULAR CALENDAR) and Robert Delaney, : Respondents. :
 MAGISTRATE'S DECISION Rendered on January 23, 2004 Buckley King, LPA, and Theodore M. Dunn, Jr., for relator.
Jim Petro, Attorney General, and Jacob Dobres, for respondent Industrial Commission of Ohio.
Esther S. Weissman Co., LPA, Esther S. Weissman; StephenE. Mindzak Law Offices, LLC, and, Stephen E. Mindzak, for respondent Robert Delaney.
 IN MANDAMUS {¶ 10} Relator, York International Corporation, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its orders which allocated 50 percent of respondent Robert Delaney's ("claimant's") permanent total disability ("PTD") compensation award to relator's self-insured risk. Relator contends that the commission abused its discretion by exercising its continuing jurisdiction in 1995 when the commission issued a corrected order reallocating 50 percent of claimant's PTD award to relator.
Findings of Fact:
 {¶ 11} 1. Claimant was employed as an assembler at the same plant, the same location and doing the same job the vast majority of his working life. The plant was sold at different times, which changed the name of the employer; however, the plant and its operations never changed.
 {¶ 12} 2. Claimant sustained three work-related injuries during his employment: (1) claim number 756184-22, occurred on June 8, 1979 for the employer Luxaire and the claim is allowed for: "contusion left foot"; (2) claim number 81-22308, with a date of injury of September 9, 1981 for the employer York-Luxaire, Inc., was allowed for: "acute low back strain"; and (3) claim number 936011-22, with a date of injury of September 30, 1996 for the employer York International Corporation ("relator" herein) was allowed for: "lumbar sprain and strain superimposed on pre-existing bulging lumbar discs; cervicodorsal strain and sprain."
 {¶ 13} 3. Gates McDonald is the actuarial company which has represented each of the three employers operating these facilities.
 {¶ 14} 4. On September 13, 1993, claimant filed an application for PTD compensation listing claim numbers 81-22308 (employer York-Luxaire, Inc.) and claim number 936011-22 (relator as employer).
 {¶ 15} 5. Claimant's application was heard before a staff hearing officer ("SHO") on August 4, 1994. The SHO granted the request for PTD compensation based particularly upon the report of Dr. H. Smith and a finding that claimant had a ten percent impairment based upon the allowed conditions in claim number 81-22308, a zero percent impairment for the allowed conditions in claim number 756184-22, and a ten percent impairment due to the allowed conditions in claim number 936011-22 (where relator was the employer). However, in allocating the award, the SHO allocated 50 percent of the award to claim number 81-22308, and 50 percent of the award to claim number 756184-22. The order was mailed August 22, 1994.
 {¶ 16} 6. Tammy McVey, claims examiner for GatesMcDonald, was responsible for the filing of a request for reconsideration concerning the August 4, 1994 order granting PTD compensation to claimant and the allocation. The request for reconsideration on behalf of the employer in claim number 756184-22, Luxaire, requested that the award be allocated pursuant to the medical report of Dr. Gordon who had found that there was a zero percent impairment as a result of claim number 756184-22. This request was mailed October 24, 1994.
 {¶ 17} 7. The commission issued a corrected order mailed March 1, 1995, reallocating the award so that 50 percent would be attributed to claim number 81-22308 and 50 percent to claim number 936011-22 (where relator was the employer).
 {¶ 18} 8. On April 20, 1995, GatesMcDonald, on behalf of relator, received a Disabled Workers' Relief Fund notice requesting that relator return certain required information to the Ohio Bureau of Workers' Compensation ("BWC'') within 14 days.
 {¶ 19} 9. By letter dated May 18, 1995, GatesMcDonald sent a letter to the BWC indicating that relator might not have been notified of any PTD hearings regarding this claimant.
 {¶ 20} 10. Relator was mailed a revised corrected order July 3, 1995; however, relator took no action contesting the PTD award or its allocation. Instead, relator began paying PTD compensation to claimant pursuant to the commission's order.
 {¶ 21} 11. Four years later, in August 1999, relator filed a motion requesting that the commission vacate its corrected orders granting PTD compensation to claimant and allocating 50 percent of the award to relator. In its motion, relator admitted to being aware of the commission's order allocating 50 percent of the award on or about April 20, 1995, but argued that, inasmuch as relator had not been given notice regarding the original hearing on claimant's request for PTD compensation, relator asserted that the commission lacked jurisdiction to enter the corrected orders and that the prior orders should be vacated.
 {¶ 22} 12. The matter was heard before an SHO on February 1, 2001, and resulted in an order granting relator's motion and vacating the August 4, 1994 order awarding PTD compensation to claimant on grounds that relator had not received notice of the hearing. The SHO also vacated the corrected orders on the grounds that not all parties were given adequate notice.
 {¶ 23} 13. Claimant requested reconsideration from the February 10, 2001 order.
 {¶ 24} 14. The commission issued an interlocutory order referring claimant's request for reconsideration as follows:
It is the finding of the Industrial Commission that the claimant has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration, regarding the alleged presence of a clear mistake of law of such character that remedial action would clearly follow.
Specifically, it is alleged that the Staff Hearing Officer I[m]properly vacated the order dated 08/04/1994 which awarded the claimant permanent and total disability compensation, which is contrary to the Industrial Commission Policy Statement and Guidelines Memo G.6 (March 9, 1995).
 {¶ 25} 15. Notices were sent out listing the following questions to be heard and the issues for review:
 {¶ 26} QUESTION[S] TO BE HEARD:
* * * Injured Worker's Request for Reconsideration filed February 23, 2001 from the Staff Hearing Officer's order dated February 1, 2001, findings mailed February 10, 2001[.]
* * * Employer's C-86 Motion filed in claim 936011-22 under York International on August 31, 1999[.]
 {¶ 27} ISSUE[S]:
* * * Continuing Jurisdiction[.]
* * * Vacate it's [sic] Corrected Order dated March 1, 1995[.]
* * * Vacate it's [sic] Corrected Order dated July 3, 1995[.]
* * * Re-Apportionment of Permanent Total Disability Award[.]
 {¶ 28} 16. Thereafter, by order mailed October 10, 2002, the commission exercised its continuing jurisdiction for the following reason:
* * * The order of the Staff Hearing Officer dated 02/01/2001 contains a clear mistake of law in that it vacates the Staff Hearing Officer order of 08/04/1994 without any notice to the parties that continuing jurisdiction over that order was an issue at the hearing.
 {¶ 29} Regarding relator's challenge, the commission determined that relator's request was barred by the doctrine of laches and explained as follows:
* * * Laches is defined as the failure to assert a right for an unreasonable and unexplained length of time under circumstances prejudicial to the adverse party. State ex rel. Case v.Indus. Comm. (1986), 28 Ohio St.3d 383. In this instance, all of the requirements for a finding of laches have been met.
The four-year delay by York International in requesting relief is clearly unreasonable. The underlying issue involves the injured worker's receipt of permanent total disability benefits. The injured worker was 62 years of age on the date of the initial permanent total disability hearing. The medical evidence in the file is now much older and the opportunity to obtain reliable evidence is greatly diminished. More importantly, in the event the application was now denied, the injured worker would be deprived of eight years of rehabilitative time. The chances of rehabilitation are greatly diminished over time. As a result, it can only be concluded that York International's delay in asserting its rights was not only unreasonable but grounds to deny relief.
The explanation offered by York International for not filing its motion until over four years after it received the Commission's 07/03/1995 order is equally unacceptable. As York International's statements in the hearing transcript show, York International "did not pay attention" to whether permanent total disability was being paid to the injured worker until the total sum paid reached a significant amount. (Tr. 8, 24, 38-39, 41). York International is a self-insured employer with a duty to effectively administer its workers' compensation claims. Like the Bureau of Workers' Compensation in state fund claims, a self-insured employer initially adjudicates all claims matters prior to any referral to the Commission. This role requires a certain level of expertise in claims administration, which a self-insured employer is required to demonstrate in order to retain the privilege of self-insurance. At the very least, it requires a recognition of what benefits are being paid and why. A four-year delay in recognizing and asserting the right to relief in the present claim cannot be excused.
The final requirement for a finding of laches is that the opposing party be unfairly prejudiced by the delay. The only proper relief available to York International, if not barred by laches, would be to rehear the permanent total disability application. If this were done, this now 69-year-old injured worker has potentially lost eight years of time in which to seek vocational remediation. York International's delay has limited the injured worker's vocational options prejudicing both the injured worker and the administrator. Furthermore, the passage of time has hindered the ability of any party to obtain reliable evidence in support of its position. The unfair prejudice is obvious.
 {¶ 30} As a final consideration, the commission denied relator's request for reconsideration for the following reasons:
There is one final consideration on the issue of continuing jurisdiction raised by York International. The Industrial Commission's continuing jurisdiction is not unlimited. The failure of the Industrial Commission to exercise continuing jurisdiction within a reasonable time is an abuse of discretion.State ex rel. Gordon v. Indus. Comm. (1992),63 Ohio St.3d 469. The exercise of continuing jurisdiction under these circumstances is not within a reasonable time as contemplated by Gordon. It only stands to reason therefore that the Commission is without jurisdiction to grant York International's C-86 motion under these circumstances. It is therefore the order of the Industrial Commission that the C-86 motion of York International requesting that the corrected orders of 03/01/1995 and 07/03/1995 be vacated is denied.
 {¶ 31} 17. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 32} Relator raises three issues in this mandamus action: (1) the commission abused its discretion by exercising its continuing jurisdiction following the August 4, 1994 hearing on claimant's PTD application and issuing both the March 1, 1995 corrected order and the July 3, 1995 revised corrected order reallocating claimant's PTD award; (2) the commission abused its discretion in failing to hold a hearing, pursuant to R.C.4123.522, before issuing its corrected order and the revised corrected order in 1995; and (3) the commission abused its discretion by refusing to exercise its continuing jurisdiction regarding relator's 1999 motion to vacate the corrected order and the revised corrected order. For the following reasons, this magistrate finds that relator is not entitled to a writ of mandamus.
 {¶ 33} Pursuant to R.C. 4123.52:
The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *
 {¶ 34} In State ex rel. B C Machine Co. v. Indus. Comm.
(1992), 65 Ohio St.3d 538, 541-542, the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:
R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, e.g., State ex rel. Gatlin v. Yellow FreightSystem, Inc. (1985), 18 Ohio St.3d 246 * * * (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State exrel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979),58 Ohio St.2d 132 * * * (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v. Indus.Comm. (1980), 62 Ohio St.2d 159 * * * (continuing jurisdiction exists when prior order is clearly a mistake of fact); State exrel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164 * * * (commission has continuing jurisdiction in cases involving fraud); State ex rel. Manns v. Indus. Comm. (1988),39 Ohio St.3d 188 * * * (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and State ex rel.Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85 * * * (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. * * *
 {¶ 35} With regard to the decision of the commission to exercise its continuing jurisdiction, this magistrate finds that the commission did not abuse its discretion. When claimant initially filed his application for PTD compensation, two claims were referenced: claim numbers 81-22308 and 936011-22. As stated previously, these claims for allowed for "acute low back strain," and "lumbar sprain and strain superimposed on pre-existing bulging lumbar discs; cervicodorsal strain and sprain," respectively. Furthermore, the medical evidence in the record indicated that claimant had a ten percent impairment for each of the two claims based upon the allowed conditions in the above referenced claims. Furthermore, the medical evidence showed that, in claim number 756184-22, claimant had zero percent impairment. Based upon the medical evidence, the August 4, 1994 SHO order apportioning 50 percent of the PTD award to a claim where the medical evidence showed that claimant had a zero percent impairment was obviously an error. As such, when the error was brought to the commission's attention, the commission exercised its continuing jurisdiction and issued a corrected order dated March 1, 1995 to correct the obvious mistake. As such, relator's first argument fails.
 {¶ 36} Relator then contends that the commission abused its discretion when it issued its corrected revised order dated July 3, 1995, after the claims examiner for GatesMcDonald sent the BWC a letter, on May 18, 1995, indicating that it appeared relator had not been notified of any PTD hearing regarding this claimant. Relator asserts that the commission should have held a hearing before any corrected order revised was issued. Upon review of the record, this magistrate concludes that relator never formerly made a motion to the commission for relief under R.C. 4123.522
and that was a proper remedy to address relator's concerns.
 {¶ 37} R.C. 4123.522 provides, in pertinent part, as follows:
The employee, employer, and their respective repre-sentatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions (C) and (D) of section 4123.511 and section 4123.512 of the Revised Code. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
 {¶ 38} In the present case, relator does not dispute that GatesMcDonald is and was the actual company which represented all three employers, including relator herein, with regard to claimant's claims. Relator further does not deny that a representative from GatesMcDonald was present at the PTD hearing. Instead, relator claimed, four years after the PTD hearing, that the commission should vacate the orders because relator had not been properly noticed. Further, relator contends that it did not have "standing" to challenge the orders because it never received notice of the hearings and that it paid claimant PTD compensation for four years because it valued its self-insured status.
 {¶ 39} Although relator does assert that notice was not mailed specifically to relator, as stated previously, relator does not contend that GatesMcDonald was not aware of the proceedings and the order. Further, relator's argument that it lacked standing to challenge the commission's order by R.C.4123.522 or any other methods would leave relator, and/or any other similarly situated employer which claimed it was being wrongfully obligated to pay compensation, without any remedy. As is apparent, relator did eventually challenge the commission's order. Notwithstanding, a motion pursuant to R.C. 4123.522 would have been a viable option for relator to pursue. Instead, relator did nothing for four years. Furthermore, the letter dated May 18, 1995 does not meet the requirements of R.C. 4123.522. First, the letter was not directed to the commission. Second, there is no assertion in the letter that the failure to receive notice was due to any cause beyond the control of relator and without the fault or neglect of relator or relator's representative such that neither relator nor its representative had actual knowledge of the import of the information contained in the notice. As such, based upon review of the record, this magistrate finds that the commission did not abuse its discretion by failing to hold a hearing pursuant to R.C. 4123.522 and this argument of relator fails as well.
 {¶ 40} Lastly, relator contends that the commission abused its discretion by not exercising its continuing jurisdiction when relator requested that the commission vacate its 1995 corrected order and revised corrected order after relator filed its motion on August 31, 1999. This magistrate disagrees.
 {¶ 41} As is clearly set out in the commission's order mailed October 10, 2002, once relator had notice, in 1995, that claimant had been granted PTD compensation and that 50 percent of that award was allocated to relator, relator failed to take any further action and actually began paying PTD compensation to claimant. Relator paid PTD compensation to claimant for four years.
 {¶ 42} In State ex rel. Case v. Indus. Comm. (1986),28 Ohio St.3d 383, 385, the court stated as follows with regard to the applicability of laches in a particular case:
* * * In our unanimous opinion in Connin v. Bailey (1984),15 Ohio St.3d 34, 35, we set forth the applicable law as follows: "`Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitation in statutes. It is lodged principally in equity jurisprudence.'" In order to invoke the doctrine, the following must be established:
"Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." Smith v. Smith
(1959), 168 Ohio St. 447 * * *, paragraph three of the syllabus, approved and followed in Connin, supra, at 35-36. AccordKinney v. Mathias (1984), 10 Ohio St.3d 72.
The longstanding purpose of the doctrine is that a court will not aid in enforcing "`* * * stale demands, where the party has slept upon his rights, or acquiesced for a great length of time. * * *'" Piatt v. Vattier (1835), 34 U.S. 405, 416. Justice Story, who delivered the opinion of the court in Vattier,
explained that "`[n]othing can call forth this court into activity but conscience, good faith and reasonable diligence. Where these are wanting, the court is passive and does nothing; laches and neglect are always discountenanced; and therefore from the beginning of this jurisdiction there was always a limitation of suit in this court.' * * *" Id. at 416-417.
 {¶ 43} As the commission stated, relator waited four years before requesting relief. Furthermore, relator had been paying benefits to claimant for the majority of that time period. Third, the claimant would be prejudiced because he had now been deprived of eight years of rehabilitative time and was currently 70 years old. Fourth, as a self-insured employer, the commission found that relator's excuse that it simply did not "pay attention" to whether PTD compensation was being paid or not could not be excused. Finally, the commission determined that it did not have jurisdiction, at this late date, to exercise continuing jurisdiction because an unreasonable period of time had passed such that R.C. 4123.52 would be violated.
 {¶ 44} Upon review of the record before this court, this magistrate concludes that relator has not demonstrated that the commission abused its discretion in any of the ways in which relator asserts. As such, this magistrate concludes that the commission did not abuse its discretion by exercising its continuing jurisdiction and issuing the corrected orders; the commission did not abuse its discretion by not holding a hearing pursuant to R.C. 4123.522; and the commission did not abuse its discretion when it refused to exercise its continuing jurisdiction when relator made its request four years after having been provided notice. As such, it is this magistrate's decision that the court deny relator's request for a writ of mandamus.
 /s/ Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE