PER CURIAM OPINION
{¶ 1} The instant action in mandamus is before this court for consideration of the motion to dismiss of respondent, Judge Paul H. Mitrovich, of the Lake County Court of Common Pleas. In support of his motion to dismiss, respondent contends that the petition filed by relator, Paul D. McDonald, is barred by res judicata and therefore fails to state a claim upon which relief can be granted. For the reasons that follow, we agree with respondent and dismiss relator's petition.
 {¶ 2} On September 26, 1997, relator, a Canadian citizen, pleaded guilty to three counts of rape. R.C. 2943.031 requires a trial court to provide non-citizen defendants notice that a plea of guilty or no contest could result in their deportation. The trial court's failure to provide appellant with a proper warning during the plea hearing was uncontroverted. On May 13, 2002, relator moved the court to withdraw his guilty plea pursuant to R.C. 2943.031. On July 16, 2002, the trial court denied relator's motion reasoning he was not entitled to the statutory warnings because he failed to provide the court with documentation to demonstrate he was not a citizen of the United States. The court further noted that relator was unable to demonstrate prejudice arising from the court's failure to advise him under R.C.2943.031. Relator did not appeal this final judgment.
 {¶ 3} On March 24, 2003, relator filed a motion to vacate or set aside judgment and permit withdrawal of his original guilty pleas. Relator's arguments in support were substantially similar to those in his original motion to withdraw his guilty plea. On September 11, 2003, the trial court denied relator's motion on the basis of res judicata.[1] Relator appealed the trial court's decision to this court. On November 26, 2004, in Statev. McDonald, supra, we affirmed the trial court's decision, holding: "* * * res judicata bars R.C. 2943.031 claims where all elements of the statute could have been raised in an earlier proceeding. * * *." Id. at ¶ 22.
 {¶ 4} On March 13, 2006, relator filed this original action alleging the judgment entry of the Lake County Common Pleas reflecting its acceptance of his guilty pleas is void as a result of respondent's failure to advise relator of his statutory rights under R.C. 2943.031(D).[2]
 {¶ 5} This court may grant a writ of mandamus if the relator has a "clear legal right" to compel the official in question to perform a particular act, the official has a "clear legal duty" to perform the act at issue, and the relator has no adequate remedy at law. State ex rel. Brown v. Logan, 11th Dist. No. 2004-T-0088, 2004-Ohio-6951, at ¶ 4. The relator cannot meet the final requirement where there exists an alternative remedy through which he could achieve the identical result he hopes to obtain in mandamus. Id.
 {¶ 6} With this in mind, this court has previously held that a direct appeal from a final judgment of a trial court is an adequate remedy at law which bars a relator from satisfying the third element in the mandamus calculus. State ex rel. Carr v.Inderlied (2000), 137 Ohio App.3d 50. Similarly, a delayed appeal initiated under App.R. 5 is an adequate remedy at law.Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 383; see, also,State ex rel. Lane v. Vettel (Aug. 15, 1997), 11th Dist. No. 97-A-0041, 1997 Ohio App. LEXIS 3671, at 3. It therefore follows that a criminal defendant may not use a mandamus action to contest decisions that could have been challenged on direct or delayed appeal. State ex rel. Baker v. Scheimann (1993),67 Ohio St.3d 443, 444.
 {¶ 7} In the instant matter, relator is challenging an issue that could have been raised on a direct appeal of the July 16, 2002 judgment or a delayed appeal pursuant to App.R. 5. He utilized neither option. Hence, while relator had a clear statutory right to the R.C. 2943.031 caveat and respondent had a clear statutory obligation to provide relator with notice of the possibility of his deportation, relator had an adequate remedy at law which he failed to properly pursue.
 {¶ 8} Under Civ.R. 12(B)(6), the dismissal of a petition is warranted if the nature of the allegations are such that the relator will be unable to prove a set of facts which will entitle him to a judgment in his favor. In the current matter, relator's allegations are such that he will be unable to prove that he lacked an adequate remedy at law. Accordingly, relator's petition does not state a viable claim for a writ of mandamus.
 {¶ 9} While the foregoing analysis is sufficient to support a dismissal of relator's petition, a corrolary analysis premised upon the doctrine of res judicata would also support dismissal. That is, in McDonald, supra, relator unsuccessfully invoked the remedy he seeks in the instant matter. In McDonald, this court affirmed the trial court's determination that relator's failure to directly appeal the trial court's June 16, 2002 decision barred any future attempts to litigate the issue. Thus, relator is precluded, by operation of the doctrine of res judicata, from utilizing the extraordinary remedy of mandamus to challenge the instant issue because it could have been adjudicated in a prior proceeding. State ex rel. White v. Suster, 101 Ohio St.3d 212,213, 2004-Ohio-719, see, also, State ex rel. Carroll v.Corrigan (2001), 91 Ohio St.3d 331, 332, 2001-Ohio-54.
 {¶ 10} Pursuant to the foregoing analyses, respondent's motion to dismiss is granted. It is therefore ordered that relator's mandamus petition is dismissed.
Judge O'Neill, Judge Grendell, Judge Rice, concur.
[1] The factual overlay and procedural posture is set forth in greater detail in State v. McDonald, 11th Dist. No. 2003-L-155,2004-Ohio-6332, relator's direct appeal of the trial court's September 11, 2003 judgment entry denying relator the same relief he currently seeks.
[2] It is important to point out that while relator challenges the trial court's ability to render a judgment on the issues he currently raises, he offers no authority for his assumption that R.C. 2943.031 is a jurisdictional prerequisite for a valid plea. Moreover, our research fails to reveal any extant authority for relator's assumption. We therefore conclude R.C. 2943.031 is not jurisdictional in nature and consequently the trial court's judgment is not "void" but merely "voidable." Thus, "[w]here the exercise of a court's legitimate power is procedurally flawed, the court's decision is binding upon the parties until it is set aside in a manner provided by law." State ex rel. YorkInternational Corp. v. The Industrial Commission of Ohio, 10th Dist. No. 03AP-566, 2004-Ohio-3727, at ¶ 3.